161 F.3d 740

**BUILDING INDUSTRY ASSOCIATION OF SUPERIOR CALIFORNIA, et al., Appellants,**

v.

Bruce BABBITT, Secretary of the Interior, et al., Appellees.

Environmental Defense Center, et al., Intervenors.

No. 97–5255.

**United States Court of Appeals, District of Columbia Circuit.**

**Argued Sept. 25, 1998.**

**Decided Nov. 24, 1998.**

Elizabeth Ann Peterson, Attorney, U.S. Department of Justice, argued the cause for appellees. With her on the brief were Lois J. Schiffer, Assistant Attorney General, and David C. Shilton, Attorney. Robert L. Klarquist, Attorney, entered an appearance.

Neil Levine argued the cause for intervenors Environmental Defense Center and Butte Environmental Council. With him on the brief was Anne Spielberg.

James B. Dougherty was on the brief for amicus curiae National Wildlife Federation.

Robin L. Rivett and Anne M. Hayes were on the brief for amici curiae Pacific Legal Foundation, et al.

Before: EDWARDS, Chief Judge, WALD and SENTELLE, Circuit Judges.

SENTELLE, Circuit Judge:

Appellants, Building Industry Association of Superior California, et al. (collectively "BIA") appeal from a judgment of the United States District Court for the District of Columbia upholding a decision of the United States Fish and Wildlife Service ("FWS") to list as endangered or threatened under the Endangered Species Act, 16 U.S.C. §§ 1531 *et seq.* ("ESA"), four different species of "fairy shrimp." The district court certified the listing claim under Rule 54(b) of the Federal Rules of Civil Procedure, but provided no reason for its certification. While in some applications Rule 54(b) requires merely entry of a final order and an "express determination" that there is no just reason for delay, we hold that, in cases such as this where it is not evident that certification is appropriate, further explanation by the district court may be necessary. Having concluded that the district court's certification is inadequate under this standard of review, we dismiss the appeal as outside our jurisdiction.

I. Background

*A. Statutory Framework*

Under Section 4(a) of the ESA, the Secretary of the Department of the Interior determines whether to list a species as "endangered" or "threatened." 16 U.S.C. § 1533(a). An "endangered species" is "any species

Lawrence R. Liebesman argued the cause for appellants. With him on the briefs was Rafe Petersen. Duane J. Desiderio entered an appearance.

which is in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A "threatened species" is "any species which is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532(20). "To the maximum extent practicable," within 90 days after receiving a petition of an interested person to list a species, the Secretary is charged with making a finding concerning whether listing is warranted. 16 U.S.C. § 1533(b)(3)(A). If the listing may be warranted, the Secretary must make a determination either that the petitioned action is not warranted, warranted, or warranted but precluded within 12 months of receiving the petition. 16 U.S.C. § 1533(b)(3)(B). The Secretary determines whether a given species is an "endangered species" under a number of statutorily specified factors found in 16 U.S.C. § 1533(a)(1), "solely on the basis of the best scientific and commercial data available." 16 U.S.C. § 1533(b)(1)(A).

The ESA states that at the same time the Secretary is making this listing decision, the Secretary must, "to the maximum extent prudent and determinable," designate a "critical habitat" for the listed species. 16 U.S.C. § 1533(a)(3). Nevertheless, there are circumstances under which a critical habitat designation need not be made concurrently with the listing decision. Where such designation is not prudent or critical habitat is not determinable, FWS regulations require that "the reasons for not designating critical habitat ... be stated in the publication of proposed and final rules listing a species." 50 C.F.R. § 424.12(a).

### B. Procedural Background

Fairy shrimp are tiny crustaceans found in California's Central Valley region. They inhabit vernal pools–seasonally wet, isolated water bodies. On May 8, 1992, FWS published a rule proposing to list five species of fairy shrimp as endangered pursuant to Section 4 of the Endangered Species Act and solicited public comment. 57 Fed.Reg. 19,-856–862. After receiving comments from the public on the proposed listing, on September 19, 1994, FWS published its final rule listing three of the five species of fairy shrimp as "endangered" and one of the five species as "threatened." 59 Fed.Reg. 48,136–153. However, FWS did not designate a critical habitat for the fairy shrimp species it had listed, concluding that "the publication of precise maps and descriptions of critical habitat in the Federal Register would make these species more vulnerable to incidents of vandalism." *Id.* at 48,151.

BIA brought suit in the district court, challenging both FWS's final listing decision and its failure to designate a critical habitat. On July 25, 1997, the district court ruled on motions for summary judgment, upholding FWS's decision to list the fairy shrimp and remanding to FWS for the limited purpose of clarifying or reconsidering its decision to forego designating a critical habitat. *Building Indus. Ass'n of Superior California v. Babbitt,* 979 F.Supp. 893, 906 (D.D.C.1997). FWS filed an additional report on September 26, 1997, providing additional support from the administrative record and articulating additional factual and legal bases for its decision not to designate a critical habitat. On October 13, 1997, the Environmental Defense Center filed a response, criticizing the FWS finding as insufficiently supported in the record. On October 27, 1997, FWS filed a response to BIA's motion, defending its decision not to designate critical habitat. Pursuant to Rule 54(b), on January 6, 1998, the district court certified for appellate review those issues relating to FWS's decision to list the fairy shrimp.

## II. Discussion

### A. The Jurisdictional Question

■ United States circuit courts are courts of limited jurisdiction. *See generally* U.S. Const. Art. III, §§ 1, 3. We do not have appellate jurisdiction over every decision of a district court, but only "final decisions," subject to some exceptions for appealable interlocutory decisions not applicable here. 28 U.S.C. §§ 1290, 1291. The determination of what constitutes a final decision is not normally a difficult one. Generally, a court may assume that for a judgment to be appealable it must be final " 'as to all the parties, [and] as to the whole subject-matter

and as to all the causes of action involved.' " *Andrews v. United States,* 373 U.S. 334, 340, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963) (quoting *Collins v. Miller,* 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616 (1920)). However, such an absolute rule of total finality poorly serves the real world of complex litigation. Our rules of civil procedure accommodate reality in Rule 54(b), which provides that in the case of litigation involving joined claims or parties, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties. . . ." However, the court may do so "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Our jurisdiction over the present controversy arises under that provision, if we have jurisdiction at all.

■ Therefore, before we approach the merits of appellants' claim, we must first determine whether the order of the district court allowing the partial summary judgment as to the listing claim is final and appealable under Rule 54(b). The question is jurisdictional. *Haynesworth v. Miller,* 820 F.2d 1245, 1253 (D.C.Cir.1987). If we have no jurisdiction over a cause purportedly before us, then it is our duty to dismiss the cause. *Id.* Having considered the question in this case, and examined the briefs and the supporting record, we conclude that we do not have jurisdiction and therefore must dismiss this appeal.

### B. Review of the District Court's Rule 54(b) Certification

■ Determination of the exceptional cases qualifying for Rule 54(b) certification is initially the province of the district court, which "function[s] as a 'dispatcher,' " deciding which less-than-totally final dispositions meet the standard for finality set forth in the Rule and therefore qualify for certification. The Supreme Court has long recognized that the placement of this decision in the discretion of the district court is a wise one, as that court is "the one most likely to be familiar with the case and with any justifiable reasons for delay." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). Therefore, the law affords con-

siderable discretion to the district courts in making the certification decision under Rule 54(b). However, "with equally good reason, any abuse of that discretion remains reviewable by the Court of Appeals." *Id.*

■ In *Sears,* the Supreme Court offered initial guidance for our review of the district court's exercise of that discretion. Under *Sears,* we should consider as legitimate grounds for the dismissal of such an appeal as outside our jurisdiction any of the following:

(1) that the judgment of the District Court was not a decision upon a "claim for relief,"

(2) that the decision was not a "final decision" in the sense of an ultimate disposition of an individual claim entered in the course of a multiple claims action, or

(3) that the District Court abused its discretion in certifying the order.

*Id.* at 436, 76 S.Ct. 895. The first two of these grounds appear to be questions of law, which presumably we would review for error on the record, making a *de novo* decision as to the question of law. *Cf. Summers v. Department of Justice,* 140 F.3d 1077, 1079–80 (D.C.Cir.1998) (setting forth the standard of review for summary judgments); *Herbert v. National Academy of Sciences,* 974 F.2d 192, 197–98 (D.C.Cir.1992) (discussing standard of review applicable to issues of fact and law in appeal from dismissal for lack of subject matter jurisdiction). The third question, by its terms, sets forth an abuse of discretion standard of review.

■ In applying the abstract standards of *Sears* to the concrete district court decision before us, we will first consider how much on-the-record decisionmaking we can require of the district judge in a Rule 54(b) certification review. The Rule itself sets a basic minimum standard. Before we can acquire appellate jurisdiction, Rule 54(b) requires that the district court must have entered an "express determination that there is no just reason for delay and . . . an express direction for the entry of judgment." FED.R.CIV.P. 54(b). The express direction and determination is a bright-line requirement. We will not imply a Rule 54(b) determination. " 'Absent an express direction for entry of judg-

ment, an order that disposes of less than all the claims—no matter with what firmness and apparent finality—is not appealable.' " *Everett v. U.S. Airways Group, Inc.*, 132 F.3d 770, 773 (D.C.Cir.1998) (quoting with approval 15A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914.7, at 544 (2d ed.1992)). This presents no problem on the present record as the district court complied with the requirements of Rule 54(b) for an express determination and direction. Our difficulty is that the court's reasoning behind the declaration is not express and is not apparent from the record.

■ Can we, in our review of a Rule 54(b) certification, require more of the district court than compliance with the express determination and express direction set forth in the Rule? In many, perhaps most, of the small number of cases we review under this rubric, we might not even ask that question. Where the district court's reasoning is apparent to us, or discernible from other parts of the record, we would perhaps find literal compliance with the Rule quite sufficient. However, this is not such a case. Fortunately, the Supreme Court has provided further guidance.

In *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), the Supreme Court reviewed a decision of the Third Circuit dismissing an appeal brought on Rule 54(b) certification. Expanding on the reasoning from *Sears*, the Court outlined the three steps we set forth above and made it explicit that the district court should undertake the analysis in the order set forth. That is, the district court should not certify under Rule 54(b) until it has determined "that it is dealing with a 'final judgment.' " *Id.* at 7, 100 S.Ct. 1460. The decision for certification must constitute "a 'judgment' in the sense that" it determines a claim for relief. *Id.* Further, "it must be 'final' ... 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Id.* (quoting *Sears*, 351 U.S. at 436, 76 S.Ct. 895). Neither of these steps seems to present any insurmountable problem in the present controversy, and if our analysis ended there, we

might well be willing to accept the district court's certification.

■ But our analysis does not end there. Under the terms of the Rule and the directions of *Curtiss-Wright,* once the district court has found finality, it "must go on to determine whether there is any just reason for delay." *Id.* at 8, 100 S.Ct. 1460. The Court in *Curtiss-Wright* explicitly declared that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* It is at that point that the district court most explicitly performs that function which the *Sears* Court described as "dispatcher"; that is, it is then that the court must "determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* (quoting *Sears,* 351 U.S. at 435, 76 S.Ct. 895). It is that decision which rests in the discretion of the district court. In making that decision, the court must exercise its discretion " 'in the interest of sound judicial administration.' " *Id.* at 10, 100 S.Ct. 1460 (quoting *Sears,* 351 U.S. at 437, 76 S.Ct. 895). Before departing from the norm, that is, determining that there are "no just reasons to delay" and entering a final judgment on one of multiple claims, a district court "*must* take into account judicial administrative interests as well as the equities involved." *Id.* at 8, 100 S.Ct. 1460 (emphasis added). Thus, a district court should properly consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

■ As the district court did not supply its reasoning on this point, and as the record appears silent on the point, we are unable to adequately perform the review prescribed under *Sears* and *Curtiss-Wright.* True, the recitation of the "no just reason for delay" language is sufficient for literal compliance with the Rule. Nonetheless, it is not in itself sufficient to base an adequate review of the district court's exercise of its discretion.

*Rothenberg v. Security Management Co.,* **617** F.2d 1149, 1150 (5th Cir.1980) ("[W]hen the case is of such a nature that the reasons for the 54(b) certification are unclear, it may be necessary for adequate appellate review to require that the district court's reasons be stated."). As the Eleventh Circuit has noted, in cases in which the district court does not set forth its reasons for determining that there is no just cause for allowing the normal delay, "we do not get the benefit of its experience and reasoning." *In re Southeast Banking Corp. v. Bassett,* **69 F.3d 1539**, 1546 (11th Cir.1995). As the *Bassett* court further stated, in such cases "we do the best we can without that assistance, but any deference we might otherwise accord such a ruling will be nullified by the absence of a meaningful explanation." *Id.* This is such a case.

As we noted in the beginning of this opinion, the separable claims involve the alleged errors of the Secretary in making a finding that listing is warranted, and in his determination of a critical habitat for the listed species. It appears to us that these two decisions under 16 U.S.C. § 1533 and 50 C.F.R. § 424.12(a) arise from a nexus of fact and law so intertwined that if we decide the one now, we may nonetheless face many of the same questions in determining the other later. As the Supreme Court expressly held in both *Sears* and *Curtiss-Wright,* a district court certifying a claim under Rule 54(b) must apply the proper considerations "to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.' " *Curtiss-Wright,* **446** U.S. at 8, 100 S.Ct. 1460 (quoting *Sears,* **351** U.S. at 438, 76 S.Ct. 895). As we cannot on the record before us determine that the district court in this case fulfilled that obligation, we conclude that the Rule 54(b) certification before us is not proper.

### III. Conclusion

For the reasons set forth above, we conclude that we do not have appellate jurisdiction over this claim. This appeal is therefore dismissed.