Betty COOPER et al., Plaintiffs,

v.

FIRST GOVERNMENT MORTGAGE
AND INVESTORS CORP. et al.,
Defendants.

Civ. A. No. 00–536 (RMU).
Document Nos. 119, 116.

United States District Court,
District of Columbia.

Jan. 23, 2002.

---

*MEMORANDUM ORDER*

GRANTING THE MOTIONS TO DISMISS PLAIN-
TIFF DAVID JOHNSONS' CLAIMS AND THE
DEFENDANTS' COROLLARY CLAIMS

URBINA, District Judge.

## I. INTRODUCTION AND BACKGROUND

This case is before the court on the plaintiffs' and defendants' motions to dismiss the claims of plaintiff David Johnson, pursuant to Federal Rules of Civil Procedure ("Rules") 41(a)(2) and 54(b). For the reasons discussed below, this court will grant the plaintiffs' and defendants' motions.

On December 20, 2001, the plaintiffs filed a motion for the voluntary dismissal of plaintiff David Johnson's claims pursuant to Rule 41(a)(2) ("the plaintiffs' motion"). Also on December 20, the defendants Conseco Finance Corporation and Conseco Finance Servicing Corporation filed a motion to dismiss plaintiff David Johnson's claims and the counterclaims and third-party claims related to Mr. Johnson's loans, pursuant to Rule

41(a)(2), and for certification pursuant to Rule 54(b) ("the defendants' motion"). The claims, settled by the parties, must be dismissed by permission of the court, rather than by stipulation of all parties, because defendant Altegra Credit Corporation objects to the settlement agreement. *See* Defs.' Mot. at 2; FED. R. CIV. P. 41. On December 27, 2001, the plaintiffs filed a document stating that they consent to the relief sought by the defendants' motion.

On December 31, 2001, defendant Altegra filed an opposition to the plaintiff's motion.[1] Though it has no direct interest in plaintiff Johnson's claims, Altegra fears that the confidential settlement agreement regarding these claims will prejudice Altegra and it therefore seeks a fairness hearing. *See* Altegra Opp'n. at 1–4. Altegra provides no legal authority to support its argument, in violation of Local Civil Rule 7.1(b), and when the court asked about this violation at the January 15, 2002 status conference Altegra conceded that it was not aware of any such authority. In addition, Altegra never filed an opposition to the defendants' motion.[2]

## II.  DISCUSSION

■ Rule 54(b) allows a district court in a case with multiple parties or multiple claims to direct entry of a final judgment "as to one or more but fewer than all of the claims or parties." Rule 54(b) requests are "vested ... primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *Building Industry Ass'n of Superior California v. Babbitt*, 161 F.3d 740, 743 (D.C.Cir.1998) ("law affords considerable discretion to the district courts in making the certification decision under Rule 54(b)").

■ Before it can certify a judgment under Rule 54(b), a district court must insure that it is dealing with a "final judgment"; "final" in the sense that the decision is "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and " 'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (quoting *Sears*, 351 U.S. at 436, 76 S.Ct. 895). Once the court makes this determination, it must make "an express determination that there is no just reason for delay." Fed.R.Civ.P. 54(b); *Curtiss–Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460. This determination involves consideration of "judicial administrative interests as well as the equities involved," including "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Babbitt*, 161 F.3d at 744 (quoting *Curtiss–Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460).

■ While this court has not finally disposed of all the claims in this case, all but one of the parties have consented to the dismissal of the claims pertaining to plaintiff David Johnson pursuant to Rule 41(a)(2). *Se* Defs.' Mot. at 2. According to the moving parties, Rule 54(b) certification is necessary to effectuate the confidential settlement agreement negotiated by the parties under the supervision of Magistrate Judge Facciola. *See id.* The parties' and the court's interests in settling the claims, and the fact that the claims pertaining to plaintiff Johnson are separable from the others remaining to be adjudicated weigh in favor of granting the defendants' motion. Having considered the

---

**1.** Third-party Defendant Chase Title, which had previously agreed to the dismissal at issue, filed an opposition to the motions for dismissal on January 11, 2002. At the status conference on January 15, 2002, however, the court struck the opposition from the record of this case because it contains details of confidential settlement discussions, violates of the court's January 8, 2002 order, and is filed past the deadline established by Local Civil Rule 7.1(b).

**2.** When the court asked about this lack of response at the status conference on January 15, 2002, Altegra replied that it had not considered that motion yet. However, the deadline for filing an opposition had already passed. *See* LCvR 7.1(b).

**128**

parties' submissions on this issue, the record of this case, and the relevant law, the court is aware of no justifiable reason to delay this final disposition of plaintiff Johnson's claims and the defendants' corollary claims. Accordingly, it is this 23rd day of January, 2002,

**ORDERED** that plaintiff's Motion For Voluntary Dismissal Of Claims On Behalf Of Plaintiff David Johnson is **GRANTED**; and it is

**FURTHER ORDERED** that defendants Conseco Finance Corporation and Conseco Finance Servicing Corporation's Motion to Dismiss Claims and for Rule 54(b) Certification is **GRANTED**; and it is

**ORDERED** that plaintiff David Johnson's claims against defendants Conseco Finance Corporation, Conseco Finance Servicing Corporation, and First Mortgage Financial Group are dismissed with prejudice, each party to bear its own costs; and it is

**FURTHER ORDERED** that defendants Conseco Finance Corporation's counterclaims against plaintiff David Johnson are dismissed with prejudice, each party to bear its own costs; and it is

**ORDERED** that defendants Conseco Finance Corporation and Conseco Finance Servicing Corporation's third-party claims against the Law Offices of B.J. Cooney are dismissed with prejudice, each party to bear its own costs; and it is

**FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay of the entry of separate judgments; and it is

**ORDERED** that the Clerk of the Court is directed to enter judgments of dismissal on all of the following: all claims asserted by plaintiff David Johnson, all counterclaims asserted by Conseco Finance Corporation against plaintiff David Johnson, and all third-party claims asserted by Conseco Finance Corporation and Conseco Finance Servicing Corporation against the Law Offices of B.J. Cooney.

**SO ORDERED.**