Betty **COOPER** et al., Plaintiffs,

v.

**FIRST GOVERNMENT MORTGAGE AND INVESTORS CORP. et al.,** Defendants.

CIV. No. 00–536(RMU).
Document Nos. 128, 165, 168.

United States District Court, District of Columbia.

March 28, 2002.

*MEMORANDUM ORDER*

Granting the Amended Joint Motion to Dismiss Various Plaintiffs' Claims and the Defendants' Corollary Claims

URBINA, District Judge.

## I. INTRODUCTION AND BACKGROUND

This case is before the court on the now-unopposed Joint Motion For Voluntary Dismissal of Certain Claims of Betty Cooper, Lessie Pittman, Margaret Burnett and Paula Gray Johnson and for Rule 54(b) Certification, third-party defendant Chase Title, Inc.'s amended opposition to the joint motion for dismissal, and the amended joint motion for dismissal. For the reasons discussed below, this court grants the amended joint motion.

On January 7, 2002, the plaintiffs Betty Cooper, Lessie Pittman, Margaret Burnett and Paula Gray Johnson and the defendants G.E. Capital Mortgage Services Inc. and Wells Fargo Home Mortgage Corporation (together "the movants") filed a motion to dismiss all of the claims concerning the moving plaintiffs in this multi-party case. The movants asked the court to (1) dismiss *without* prejudice G.E. and Wells Fargo's third-party claims against Chase Title and Valley Title, (2) dismiss with prejudice all claims and counterclaims relating to the moving plaintiffs, and (3) enter judgments of dismissal pursuant to Federal Rule of Civil Procedure 54(b). On January 22, 2002, Chase Title filed an amended opposition to this motion for dismissal, objecting to a dismissal *without* prejudice. On March 20, 2002, the

movants filed an amended motion for dismissal of the movants' claims, which is identical to the January 7, 2002 motion except that the movants now ask this court to dismiss the third-party claims against Chase Title *with* prejudice. This amendment wisely resolves the only objection to the January 7 motion.[1]

## II. DISCUSSION

Rule 54(b) allows a district court in a case with multiple parties or multiple claims to direct entry of a final judgment "as to one or more but fewer than all of the claims or parties." Rule 54(b) requests are "vested . . . primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *Building Industry Ass'n of Super. Calif. v. Babbitt,* 161 F.3d 740, 743 (D.C.Cir.1998) ("law affords considerable discretion to the district courts in making the certification decision under Rule 54(b)").

Before it can certify a judgment under Rule 54(b), a district court must insure that it is dealing with a "final judgment"; "final" in the sense that the decision is "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and " 'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (quoting *Sears,* 351 U.S. at 436, 76 S.Ct. 895). Once the court makes this determination, it must make "an express determination that there is no just reason for delay." Fed.R.Civ.P. 54(b); *Curtiss–Wright Corp.,* 446 U.S. at 8, 100 S.Ct. 1460. This determination involves consideration of "judicial administrative interests as well as the equities involved," including "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Babbitt,* 161 F.3d at 744 (quoting *Curtiss–Wright Corp.,* 446 U.S. at 8, 100 S.Ct. 1460).

While this court has not finally disposed of all the claims in this case, there are now no objections to the motion for dismissal. According to the moving parties, Rule 54(b) certification is necessary to effectuate the confidential settlement agreement negotiated by the parties under the supervision of Magistrate Judge Facciola. *See* Joint Motion for Voluntary Dismissal of Certain Claims of Betty Cooper, Lessie Pittman, Margaret Burnett and Paula Gray Johnson and for Rule 54(b) Certification at 2. The parties' and the court's interests in settling the claims, and the fact that the claims at issue here are separable from the others remaining to be adjudicated weigh in favor of granting the amended joint motion. Having considered the parties' submissions on this issue, the record of this case, and the relevant law, the court is aware of no justifiable reason to delay this final disposition of the movants' claims.

**ORDERED** that the Amended Joint Motion For Voluntary Dismissal of Certain Claims of Betty Cooper, Lessie Pittman, Margaret Burnett and Paula Gray Johnson and for Rule 54(b) Certification Is **GRANTED**; and it is

**FURTHER ORDERED** that plaintiffs Betty Cooper's, Lessie Pittman's, Margaret Burnett's and Paula Gray Johnson's claims against defendants G.E. Capital Mortgage Services, Inc. and Wells Fargo Home Mortgage Corporation are dismissed with prejudice, each party to bear its own costs; and it is

**FURTHER ORDERED** that defendants G.E. Capital Mortgage Services, Inc.'s and Wells Fargo Home Mortgage Corporation's counterclaims against plaintiffs Betty Cooper, Lessie Pittman and Paula Gray Johnson

---

1. Chase Title raised valid concerns in its opposition regarding the motion to dismiss the third-party claims against Chase Title without prejudice *and* without paying Chase Title for the legal fees it incurred in defending against the claims. *See, e.g., GAF Corp. v. Transamerica Insurance Co.,* 665 F.2d 364, 367 (D.C.Cir.1981).

are dismissed with prejudice, each party to bear its own costs; and it is

**FURTHER ORDERED** that defendants G.E. Capital Mortgage Services, Inc.'s and Wells Fargo Home Mortgage Corporation's third-party claims against Chase Title, Inc. are dismissed with prejudice, each party to bear its own costs; and it is

**FURTHER ORDERED** that defendants G.E. Capital Mortgage Services, Inc.'s and Wells Fargo Home Mortgage Corporation's third party claims against Valley Title Company, Inc. are dismissed without prejudice, each party to bear its own costs; and it is

**FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 54(b) there is no just reason for delay of the entry of separate final judgments and, thus, this is a final judgment; and it is

**FURTHER ORDERED** that the parties remaining in this case submit a *joint status report* detailing what parties and claims remain in this case no later than April 11, 2002.

**SO ORDERED.**