Robert H. ADAIR et al., Plaintiffs,

v.

Gordon R. ENGLAND, Secretary of the Navy, et al., Defendants.

Chaplaincy of Full Gospel Churches et al., Plaintiffs,

v.

Gordon R. England, Secretary of the Navy, et al., Defendants.

Civ.A. Nos. 00–0566(RMU), 99–2945(RMU).

United States District Court, District of Columbia.

Aug. 5, 2002.

Arthur A. Schulcz, Vienna, VA, for plaintiffs.

Thomas E. Caballero, U.S. Department of Justice, Washington, DC, for defendants.

### MEMORANDUM OPINION

#### DENYING THE PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT AND FOR PARTIAL SUMMARY JUDGMENT

URBINA, District Judge.

## I.  INTRODUCTION

These cases come before the court on the plaintiffs' motion for relief from judgment of

two aspects of the court's January 10, 2002 Memorandum Opinion ("Memorandum Opinion") denying in part and granting in part the defendants' motion to dismiss.[1] The plaintiffs, current and former Navy chaplains and an ecclesiastical endorsing agency for military chaplains, bring these suits alleging that the Navy's policies and practices favor one religion over another in violation of the First Amendment's Establishment and Free Exercise Clauses, and in violation of the Fifth Amendment's Equal Protection Clause. Specifically, the plaintiffs charge that the hiring, retention, and promotion policies of the Navy Chaplain Corps demonstrate an unconstitutional endorsement of liturgical Christian sects over non-liturgical Christian sects.[2] For the reasons that follow, the court denies the plaintiffs' motion for relief from judgment and for partial summary judgment.

## II. BACKGROUND

Although the above-captioned cases are not consolidated for all purposes, the court has consolidated them for purposes of all pretrial pending motions.[3] In the *Chaplaincy* case, the plaintiffs are an endorsing agency for military chaplains and seven of its individual members. In the *Adair* case, the plaintiffs are 17 current and former non-liturgical chaplains in the Department of the Navy ("the defendants," "Navy," or "DON"). In both cases, the plaintiffs allege that the Navy has established and maintained an unconstitutional religious quota system for pro-

motion, assignments, and retention of Navy chaplains, in violation of both the Establishment Clause and the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fifth Amendment. Specifically, the plaintiffs allege that the Navy's policies and practices favor liturgical Christian chaplains over non-liturgical Christian chaplains.[4]

On January 10, 2002, the court issued a Memorandum Opinion granting in part and denying in part the defendants' motion to dismiss. *Adair v. England,* 183 F.Supp.2d 31 (D.D.C.2002). The court held: that strict scrutiny applies to the plaintiffs' First Amendment and equal protection claims; that the plaintiffs did not need to exhaust their administrative remedies before filing suit in federal court; that the plaintiffs had stated a claim that the Navy's hiring and retention policies violate the Establishment Clause; that the Navy's practices of allowing chaplains to rate other chaplains for promotions and of allowing multiple chaplains to serve on promotion boards do not violate the Establishment Clause; that the plaintiffs had stated a claim that the Navy's practice of displaying the religious identity of chaplains up for promotion violates the Establishment Clause and Free Exercise Clause; that the Navy's practice of having only "General Protestant" religious services could violate the Establishment Clause; and that the plaintiffs had stated a free speech claim. *Id.*

1. The plaintiffs call their motion a "Motion for Reconsideration." Pl.'s Mot. for Recons. at 1. Because the Federal Rules of Civil Procedure do not contain anything known as a "Motion for Reconsideration" and because the plaintiffs fail to cite to any federal rule under which they bring this motion, the court treats the plaintiff's motion as a motion for relief from judgment as per Federal Rule of Civil Procedure 60(b) since they did not file the motion within 10 days of entry of the court's Memorandum Opinion. FED. R. CIV. P. 60(b).

2. For an explanation of the differences between liturgical and non-liturgical Christian sects, see the court's Memorandum Opinion issued January 10, 2002. *Adair v. England,* 183 F.Supp.2d 31 (D.D.C.2002).

3. In January 2001, the court's Calendar Committee transferred both of these cases from Judge June Green to this member of the court. In an

order dated September 26, 2000, Judge Green accepted the parties' joint recommendation and consolidated the two cases for purposes of the pretrial pending motions. Order dated Sept. 26, 2000. The parties and the court have continued to treat these cases as consolidated for purposes of all pretrial motions.

4. For the sake of brevity, the court will not reiterate the extensive factual and procedural history, and the numerous allegations in these cases. For a detailed discussion of these matters in the *Adair* and *Chaplaincy* cases, see the court's January 10, 2002 Memorandum Opinion. *Adair,* 183 F.Supp.2d at 35–45. For a detailed discussion of the factual background of the *Chaplaincy* case, see Judge Green's August 17, 2000 Memorandum Opinion at 2–7.

On January 28, 2002, the plaintiffs filed a motion for relief from two aspects of its Memorandum Opinion. Specifically, the plaintiffs ask the court to reassess its decisions to dismiss the plaintiffs' claims that having chaplains sit on chaplain promotion boards and allowing chaplains to rate other chaplains are practices that violate the First Amendment. Pls.' Mot. for Recons. and Partial Summ. J. ("Pls.' Mot.") at 1. The court now turns to the plaintiffs' motion.

## III. ANALYSIS

### A. The Court Treats the Plaintiffs' Motion as a Rule 60(b) Motion

■ Before setting forth the appropriate legal standard for the resolution of the plaintiffs' motion, the court must address which procedural rule the plaintiffs' motion falls under since the plaintiffs fail to point to a specific rule. The court issued its Memorandum Opinion on January 10, 2002. *Adair,* 183 F.Supp.2d 31. The plaintiffs filed their motion for reconsideration and for partial summary judgment on January 28, 2002. Accordingly, the plaintiffs did not file their motion within 10 business days of the issuance of the court's Memorandum Opinion. Parties must file Federal Rule of Civil Procedure 59(e) motions to alter or amend a judgment within 10 business days of the entry of the judgment at issue. FED. R. CIV. P. 59(e), 6(a); *Derrington–Bey v. District of Columbia Dep't of Corrections,* 39 F.3d 1224, 1224–26 (D.C.Cir.1994); *W.C. & A.N. Miller Cos. v. United States,* 173 F.R.D. 1, 3 (D.D.C. 1997) (citations omitted). In addition, the D.C. Circuit has clarified that for Rule 59(e) motions, three days are not added to the time requirement when service is by mail, and district courts do not have the discretion to enlarge the 10–day period. *Derrington–Bey,* 39 F.3d at 1225; FED. R. CIV. P. 6(b), (e). "The period is to be kept short presumably because a timely Rule 59(e) motion deprives the judgment of finality." *Derring-*

*ton–Bey,* 39 F.3d at 1225. Consequently, the court must treat the plaintiffs' instant motion as a Rule 60(b) motion for relief from judgment. FED. R. CIV. P. 60(b).

### B. Legal Standard for Motion for Relief from Judgment

■ In its discretion, the district court may relieve a party from an otherwise final judgment, order or proceeding under six circumstances as set forth in Rule 60(b).[5] FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury,* 804 F.2d 1310, 1311–12 (D.C.Cir.1986). According to the first factor in Rule 60(b), relief from a judgment may be granted for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). Such relief under Rule 60(b) turns on equitable factors, notably, whether any neglect was excusable. *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Second, the court may relieve a party from an otherwise final judgment or order where there is "newly discovered evidence" which the moving party could not have discovered even by the exercise of due diligence. FED. R. CIV. 60(b). Third, the court may set aside a judgment or order for fraud, misrepresentation, or other conduct of an adverse party. FED. R. CIV. P. 60(b); *Mayfair Extension, Inc. v. Magee,* 241 F.2d 453, 454 (D.C.Cir.1957). Specifically, "the movant must show (1) that such 'fraud' prevented him or her from fully and fairly presenting his or her case, and (2) that the fraud is attributable to the *party* or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.,* 150 F.R.D. 1, 7 (D.D.C.1993) (citations omitted). Parties must submit motions pursuant to Rule 60(b) within a reasonable time, and, for reasons (1), (2), and (3), parties must submit their motions within one year after the judgment at issue. FED. R. CIV. P. 60(b).

Pursuant to the fourth reason, a party may, at any time, seek relief from the court

---

5. While the court's January 10, 2002 Memorandum Opinion does not constitute a final judgment for the entire litigation, it does amount to a final judgment on the claims for which the court granted dismissal. To determine if a decision constitutes a final judgment, courts must ascertain that the decision amounts to "a 'judgment'

in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Curtiss–Wright Corp. v. Gen. Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (quotations omitted).

where the judgment or order is "void." FED. R. CIV. P. 60(b). A judgment or order may be void because the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief from a final order if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed ... or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C.Cir.1988) (noting that not all judgments that have continuing consequences are "prospective" for the purposes of Rule 60(b)). Finally, a party may, within a reasonable time, seek relief from a judgment or order for "any ... reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). This final reason, however, should be used sparingly and applied only in "extraordinary circumstances." *Pioneer*, 507 U.S. at 393, 113 S.Ct. 1489.

### C. The Plaintiffs Fail to Meet the Requirements of Rule 60(b)

■ In their motion, the plaintiffs contend that the defendants made material misrepresentations, that the plaintiffs are presenting new evidence, and that the court committed clear error in its Memorandum Opinion. The court deems the plaintiffs' arguments to be no more than a regurgitation of arguments previously raised and rejected.

In a nutshell, the plaintiffs assert that chaplains are not like other officers "because their primary function is to represent their faith group and conduct religious services." Pls.' Reply at 1. In addition, they argue, for a chaplain to act lawfully on a promotion board, he must act as a faith-group representative. Pls.' Mot. at 4. "[C]haplains serve in the Navy at the pleasure of their faith group, not the Navy." *Id.* at 3. Moreover, the plaintiffs contend that allowing these religious representatives to rate other faith group representatives or to choose them for promotion improperly delegates a government function to a religious representative. Pls.' Reply at 1.

The court need not consider the merits of these arguments again because it already has explained its reasoning thoroughly in its Memorandum Opinion. *Adair*, 183 F.Supp.2d at 59-62. The court completely agrees with the defendants' assessment that:

> Plaintiffs merely continue their attacks on the Navy's position; they set forth no clear error on the Court's part, present no "new" evidence or legal precedent that was not available to them at the time they drafted their complaints or responded to defendants' motion, and never address how the material they provide differs from the factual allegations they make in their complaints.

Defs.' Opp'n at 1. Moreover, the plaintiffs' reliance on putative new "evidence" to support their motion for relief from judgment is insufficient. *Id.* at 12. In its Memorandum Opinion, the court accepted the plaintiffs' well-pled factual allegations as true and did not consider any extrinsic evidence. *Adair*, 183 F.Supp.2d at 45-46; *see also* Defs.' Opp'n at 12-13. Indeed, the court reviewed the plaintiffs' allegations in the light most favorable to the plaintiffs and ruled that those allegations failed to state a claim for relief as a matter of law regarding the plaintiffs' challenge to the chaplains serving on promotion boards and rating other chaplains. *Id.* Thus, as the defendants correctly point out, the plaintiffs' extended discussion of new "evidence" and of the court's failure to evaluate previously submitted material provides no basis whatsoever for reconsideration of the court's dismissal of these claims. *Id.* at 13.

In addition, the court agrees with the defendants that the plaintiffs' new "evidence" is merely "cumulative of the allegations in the complaints and insufficient to support a motion for reconsideration." *Id.* Moreover, the defendants correctly note that "because the material submitted during the briefing on the motion to dismiss is of the same type as that set forth by the allegations in the complaints, the [c]ourt cannot be said to have committed clear error in not considering it." *Id.* at 14.

Finally, the defendants correctly proffer that the plaintiffs' procedural tactic of moving for partial summary judgment on claims that the court has already dismissed is totally improper. *Id.* at 14–15. "Only if—and, then, only after—the dismissed claims are reinstated could any such motion even be in order. At that point, defendants would be entitled to a full opportunity to address any evidentiary [material] [sic] submitted by plaintiffs." *Id.* at 15. In any event, because the court hereby denies the plaintiffs' motion for relief from judgment, the plaintiffs themselves acknowledge that they could not prevail on the other part of their instant motion, the motion for partial summary judgment. Pls.' Reply at 18. The court thus denies both the plaintiffs' motion for relief from judgment and the plaintiffs' motion for partial summary judgment.

### IV. CONCLUSION

For all these reasons, the court denies the plaintiffs' motion for relief from judgment and for partial summary judgment. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 5 day of August, 2002.