**CHAPLAINCY OF FULL GOSPEL CHURCHES et al., Plaintiffs,**

v.

**Gordon R. ENGLAND et al., Defendants.**

**Robert H. Adair et al., Plaintiffs,**

v.

**Gordon R. England et al., Defendants.**

Civ.A. Nos. 99–2945(RMU), 00–0566(RMU).

United States District Court, District of Columbia.

May 6, 2004.

256

Arthur A. Schulcz, Sr., Vienna, VA, for plaintiffs.

Michael Q. Hyde, U.S. Department of Justice, Federal Programs, Washington, DC, for defendants.

*MEMORANDUM OPINION*

DENYING THE PLAINTIFFS' MOTION FOR CERTIFICATION OF FINAL JUDGMENT

URBINA, District Judge.

## I. INTRODUCTION

This matter comes before the court on the plaintiffs' motion for certification of final judgment. The plaintiffs, current and for-

mer Navy chaplains, bring suit against the Secretary of the Navy, other Navy officials, and the Navy (collectively, "the defendants"), alleging that Navy policies and practices unconstitutionally favor liturgical Christian chaplains over non-liturgical Christian chaplains. In an earlier decision, the court dismissed some of the plaintiffs' claims, including two claims that chaplains should not rate other chaplains and that more than one chaplain should not sit on a chaplain promotion board.[1] *Adair v. England ("Adair I")*, 183 F.Supp.2d 31, 60 (D.D.C.2002). The plaintiffs now move the court to certify the dismissal of these two claims as final judgments under Federal Rule of Civil Procedure 54(b). Because there is just reason for delay and the case therefore is not an "exceptional case" meriting Rule 54(b) certification, the court denies the plaintiffs' motion.

## II. BACKGROUND [2]

In this consolidated action,[3] the plaintiffs' claims fall into three principal categories: First Amendment Establishment Clause claims, Free Exercise Clause claims and Equal Protection Clause claims.[4] *Adair I*, 183 F.Supp.2d at 41. First, the plaintiffs charge that the Navy has established and maintained an unconstitutional religious quota system that permits them to hire, promote and retain chaplains from liturgical denominations at a rate greater than the liturgical Christians' representation among all Navy personnel. *Id.* at 41–42. Second, the plaintiffs allege a variety of constitutional problems with the Navy's chaplain-promotion system, including placing more than one chaplain on a promotion board, the use of chaplains to rate other chaplains, the application of "faith group identifier" codes, and the

domination of the boards by liturgical Protestant and Catholic chaplains. *Id.* at 42–44. Finally, the plaintiffs assert that the Navy's discriminatory policies against and general hostility to non-liturgical denominations deny non-liturgical chaplains and their would-be congregants their constitutional right to the free exercise of their religion. *Id.* at 44–45.

In January 2002, the court dismissed two of the plaintiffs' claims: (1) that chaplains should not rate other chaplains, and (2) that more than one chaplain should not sit on a chaplain promotion board. *Id.* at 60. Among the many rulings that followed was the court's granting of the plaintiffs' motion to compel discovery. *Chaplaincy of Full Gospel Churches v. Johnson*, 217 F.R.D. 250 (D.D.C.2003). After the defendants appealed the discovery ruling, the plaintiffs filed a motion to certify the January 2002 dismissal of the two claims as final judgments pursuant to Rule 54(b), and thereby permitting them to draw an appeal on these claims. The court now turns to the plaintiffs' motion.

## III. ANALYSIS

### A. Legal Standard for Rule 54(b) Certification of Final Judgment

Federal Rule of Civil Procedure 54(b) allows a district court in a case with multiple parties or multiple claims to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." FED. R. CIV. P. 54(b). The purpose of Rule 54(b) is to "mediate[ ] between the sometimes antagonistic goals of avoiding piecemeal appeals

---

1. The court later denied the plaintiffs' Rule 60(b) motion for relief from judgment. *Adair v. England ("Adair II")*, 209 F.R.D. 1 (D.D.C.2002).

2. For a detailed account of the factual allegations underlying both complaints, see *Adair I*, 183 F.Supp.2d at 34–38, 40–45.

3. In January 2001, the court's Calendar Committee transferred these cases from Judge June L. Green to this member of the court. Prior to the transfer, and pursuant to the parties' joint recommendation, Judge Green consolidated the two

cases for pretrial purposes. Order dated Sept. 26, 2000.

4. In addition, the plaintiffs contend, *inter alia*, that Congress may not appropriate tax funds to support the Navy's use of such funds to favor one religion, the Navy has fraudulently concealed evidence supporting the plaintiffs' causes of action, the Navy has retaliated against certain plaintiffs for bringing suit, and the Navy has violated the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq. Adair*, 183 F.Supp.2d at 45.

and giving parties timely justice." *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 760 (D.C.Cir.1997).

■ Whether a case is one of the "exceptional cases" qualifying for Rule 54(b) certification is a decision that falls within the discretion of the district court, which is "most likely to be familiar with the case and with any justifiable reasons for delay." *Bldg. Indus. Ass'n of Super. Calif. v. Babbitt*, 161 F.3d 740, 743 (D.C.Cir.1998) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). Under the rule, "the district court [functions] as a dispatcher, determining in its sound discretion when a claim should proceed on to appellate resolution and when it should await its fellows." *Petties v. District of Columbia*, 227 F.3d 469, 472 (D.C.Cir.2000) (internal quotations omitted); *see also Hill v. Henderson*, 195 F.3d 671, 672 (D.C.Cir.2000) (describing Rule 54(b) as an "escape hatch" permitting a partial disposition to become a final judgment).

■ The district court, however, must make certain determinations on the record before the appellate court can acquire jurisdiction. *Bldg. Indus. Ass'n*, 161 F.3d at 743; *see also Haynesworth v. Miller*, 820 F.2d 1245, 1253 (D.C.Cir.1987) (noting that a district court's "[f]ailure to take the steps specified in Rule 54(b) is more than a mere technicality; without compliance, a federal court of appeals lacks jurisdiction to entertain challenges to the order"). First, the district court must ensure that it is dealing with a final judgment: "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and "a 'judgment' in the sense that it determines a claim for relief." *Bldg. Indus. Ass'n*, 161 F.3d at 744 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)).

■ Second, the court must determine whether there is any just reason for delay, keeping in mind that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some

sense separable from the remaining unresolved claims." *Id.* (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460). Before "departing from the norm" by certifying a final judgment, the court "*must* take into account judicial administrative interests," including "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (emphasis in original) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460); *see also Hill*, 195 F.3d at 672 (noting that when review is deferred, "it is less likely that the appellate court will face overlapping issues and circumstances on two occasions"). The court also must consider the equities involved. *Bldg. Indus. Ass'n*, 161 F.3d at 744 (citing *Curtiss-Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460).

## B. The Court Denies the Plaintiffs' Motion for Certification of Final Judgment

The plaintiffs contend that the court should grant Rule 54(b) certification because the court's judgment on the two claims is final and there is no just reason for delay. Pls.' Mot. for Certification ("Pls.' Mot.") at 4. The plaintiffs argue that the judgment qualifies as final because the claims are separate and distinct from the remaining claims, and because the court not only dismissed the claims but denied the plaintiffs' subsequent motion for relief from judgment under Rule 60(b). *Id.* at 5–9. In addition, the plaintiffs assert that both judicial administrative interests and the equities favor certification, given the separate theories of the claims and the fact that the plaintiffs "are years into litigation with no end in sight." *Id.* at 9–12.

The defendants dispute the plaintiffs' characterization of the dismissed claims. *See generally* Defs.' Opp'n. At the outset, the defendants contend that the court's judgment is not final because the plaintiffs seek certification on a claim that they did not plead,[5] and because there is substantial overlap on

5. The plaintiffs characterize the first of the two

claims for which they seek certification as "hav-

factual and legal issues (including defenses) between the dismissed claims and the remaining claims. *Id.* at 4–8. The defendants go on to argue that the plaintiffs do not offer sufficient justification for an immediate appeal, stating that any delay to date has been the result of the plaintiffs' actions and any remedy likely would be delayed until final resolution of the plaintiffs' other promotion claims. *Id.* at 9–12.

The court concludes that its January 2002 dismissal "does amount to a final judgment" on the plaintiffs' two claims that chaplains should not rate other chaplains and that more than one chaplain should not sit on a chaplain promotion board. *Adair v. England* ("*Adair II*"), 209 F.R.D. 1, 3 n. 1 (D.D.C. 2002). The dismissal constituted an ultimate disposition and determination of the two claims. *Bldg. Indus. Ass'n,* 161 F.3d at 744. Therefore, the sole question before the court is whether, taking into account judicial administrative interests and the equities involved, there is just reason for delay. *Id.*

The court concludes that there is. Although the two dismissed claims are "in some sense separable" from the remaining claims, the two claims raise issues common to the plaintiffs' other promotion claims and thus weigh heavily against a piecemeal appeal. *Id.* For example, the two claims challenge the structure of the promotion boards, an issue the appellate court is likely to spend considerable time examining as part of any appeal of the plaintiffs' wide-ranging claims regarding the board's alleged use of quotas and alleged domination by liturgical Protestant and Catholic chaplains. *Hill,* 195 F.3d at 672; *Rahmann v. Fed. Nat'l Mortgage Ass'n,* 2003 WL 21940044, at *3 (D.D.C. March 20, 2003) (finding that common issues shared by a discrimination claim and a notification claim prevented Rule 54(b) certification). Moreover, the defendants indicate that they plan to raise a defense common to the two claims and to certain of the plaintiffs' remaining promotion claims: [6] namely, that the current board structure of two chaplains and five non-chaplain officers precludes any argument that the boards are constitutionally infirm. Defs.' Opp'n at 7–8; *Navajo Nation v. Peabody Holding Co.,* 209 F.Supp.2d 269, 275 (D.D.C.2002) (denying entry of final judgment where a defendant was likely to defend an appeal with arguments common to the remaining defendants).

Nor do the equities merit certification. *Bldg. Indus. Ass'n,* 161 F.3d at 744. Although the plaintiffs clearly have a strong interest in appealing the dismissed claims as soon as possible, the court cannot say that this interest outweighs the need to avoid piecemeal appeals. *Camm v. Kennickell,* 1988 WL 63066, at *1 (D.D.C.1988) (sympathizing with the defendants' desire to put the lawsuit behind them but holding that their desire did not overcome the judicial preference against piecemeal appeals). Accordingly, because the case is not an "exceptional case[ ]" meriting Rule 54(b) certification, the plaintiffs are not entitled to Rule 54(b) certification. *Bldg. Indus. Ass'n,* 161 F.3d at 743.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiffs' motion for certification of final judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of May, 2004.

---

ing a chaplain or chaplains as members of Navy chaplain selection boards that either promote or select for early retirement other chaplains." Pls.' Mot. at 1. The defendants point out that the plaintiffs specifically challenged "boards with more than one chaplain" rather than boards with any chaplain, and argue that the plaintiffs cannot request certification on a claim that they did not plead. Defs.' Opp'n at 5 (citing *Adair* Third Am. Compl. ¶ 50; *Chaplaincy* Third Am. Compl. ¶ 86). In response, the plaintiffs acknowledge that the defendants "technically" are correct, but argue that the court's analysis did not focus on the distinction between "more than one" and "any" chaplain board members, and that in any case the court would deem futile any effort by the plaintiffs to amend their complaint given the present posture of the cases. Pls.' Reply at 1–3. The court here considers the claim as set forth in the complaints.

6. Specifically, the defendants note that they would raise the defense against the plaintiffs' claim that the defendants apply quotas in chaplain promotions. Defs.' Opp'n at 7.