ESTATE OF Francisco COLL–MONGE, by Francisco D. COLL, Administrator, et al., Appellants

v.

**INNER PEACE MOVEMENT, et al., Appellees.**

No. 04–7053.

United States Court of Appeals, District of Columbia Circuit.

Dec. 27, 2005.

Walter Donald Ames, Law Office of Walter D. Ames, McLean, VA, for Appellants.

Andrew Butz, Gene Kyu Park, John David Mason, Bonner Kiernan Trebach & Crociata, Joshua David Sarnoff, Richard Stephen Ugelow, American University College of Law, Washington, DC, for Appellees.

Patricia Alexander, pro se.

Peter Georgas, Phoenix, AZ, pro se.

Before: TATEL, GARLAND, and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. It is

**ORDERED** and **ADJUDGED** that the case be dismissed for lack of appellate jurisdiction. The district court has yet to issue a final ruling with regard to several of the claims presented to it, and although

the court directed entry of final judgment as to the claims at issue in this appeal, it provided no explanation for its decision. Where, as here, the district court certifies an order for appellate review under Rule 54(b), which allows the entry of final judgment as to "fewer than all of the claims or parties only upon an express determination that there is no just reason for delay," Fed.R.Civ.P. 54(b), we must determine whether this certification constitutes an abuse of discretion. *See Bldg. Indus. Ass'n of Superior Cal. v. Babbitt*, 161 F.3d 740, 743 (D.C.Cir.1998).

In deciding whether to enter final judgment under Rule 54(b), a district court "must take into account judicial administrative interests as well as the equities involved," considering "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Where we "cannot on the record before us determine that the district court ... fulfilled that obligation, we conclude that the Rule 54(b) certification before us is not proper." *Babbitt*, 161 F.3d at 745. As in *Babbitt*, the district court here, without supplying any reason, merely stated "no just reason for delay" existed. Because this language is "not in itself sufficient [for] an adequate review of the district court's exercise of its discretion," *id.* at 744, and because the court's reasoning is not "discernible from other parts of the record," *id.*, we find that the district court failed to adequately certify this case under Rule 54(b). Accordingly, we lack jurisdiction to review the claims presented in this appeal. Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.