ABDUR'RAHMAN *v.* BELL, WARDEN

No. 01–9094.   Argued November 6, 2002—Decided December 10, 2002

*James S. Liebman* argued the cause for petitioner.   With him on the briefs were *Thomas C. Goldstein,* by appointment of the Court, 537 U. S. 809, *Amy Howe, William P. Redick, Jr.,* and *Bradley MacLean.*

*Paul G. Summers,* Attorney General of Tennessee, argued the cause for respondent.   With him on the brief were *Michael E. Moore,* Solicitor General, *Joseph F. Whalen,* Assistant Attorney General, and *Gordon W. Smith,* Associate Solicitor General.

*Paul J. Zidlicky* argued the cause for the State of Alabama et al. as *amici curiae* urging affirmance.   With him on the brief were *Bill Pryor,* Attorney General of Alabama, and *Nathan A. Forrester,* Solicitor General, *John M. Bailey,* Chief State's Attorney of Connecticut, *Carter G. Phillips, Gene C. Schaerr,* and the Attorneys General for their respective States as follows: *Janet Napolitano* of Arizona, *Mark Lunsford Pryor* of Arkansas, *Bill Lockyer* of California, *Ken Salazar* of Colorado, *M. Jane Brady* of Delaware, *Robert A. Butterworth* of Florida, *Thurbert E. Baker* of Georgia, *Alan G. Lance* of Idaho, *James E. Ryan* of Illinois, *Steve Carter* of Indiana, *Carla J. Stovall* of Kansas, *Richard P. Ieyoub* of Louisiana, *Thomas F. Reilly* of Massachusetts, *Mike McGrath* of Montana, *Don Stenberg* of Nebraska, *Frankie Sue Del Papa* of Nevada, *David Samson* of New Jersey, *Wayne Stenehjem* of North Dakota, *Betty D. Montgomery* of Ohio, *W. A. Drew Edmondson* of Oklahoma, *D. Michael Fisher* of Pennsylvania, *Charles M. Condon* of South Carolina, *Mark Barnett* of South Dakota, *John Cornyn* of Texas, *Mark L.*

*Shurtleff* of Utah, *Jerry W. Kilgore* of Virginia, *Christine O. Gregoire* of Washington, and *Darrell V. McGraw, Jr.*, of West Virginia.*

PER CURIAM.

The writ of certiorari is dismissed as improvidently granted.

JUSTICE STEVENS, dissenting.

The Court's decision to dismiss the writ of certiorari as improvidently granted presumably is motivated, at least in part, by the view that the jurisdictional issues presented by this case do not admit of an easy resolution.[1]  I do not share that view.  Moreover, I believe we have an obligation to provide needed clarification concerning an important issue that has generated confusion among the federal courts, namely, the availability of Federal Rule of Civil Procedure 60(b) motions to challenge the integrity of final orders entered in habeas corpus proceedings.  I therefore respectfully dissent from the Court's disposition of the case.

I

In 1988 the Tennessee Supreme Court affirmed petitioner's conviction and his death sentence.  His attempts to ob-

---

*Briefs of *amici curiae* urging reversal were filed for James F. Neal et al. by *Elizabeth G. Taylor* and *Ronald H. Weich;* and for the National Association of Criminal Defense Lawyers by *Deanne E. Maynard, Donald B. Verrilli, Jr., Lisa B. Kemler,* and *Edward M. Chikofsky.*

A brief of *amicus curiae* urging affirmance was filed for the Criminal Justice Legal Foundation by *Kent S. Scheidegger.*

[1] On October 24, 2002, just two weeks before oral argument, the Court entered an order directing the parties to file supplemental briefs addressing these two questions: "Did the Sixth Circuit have jurisdiction to review the District Court's order, dated November 27, 2001, transferring petitioner's Rule 60(b) motion to the Sixth Circuit pursuant to 28 U. S. C. § 1631? Does this Court have jurisdiction to review the Sixth Circuit's order, dated February 11, 2002, denying leave to file a second habeas corpus petition?" *Post*, p. 996.

tain postconviction relief in the state court system were unsuccessful. In 1996 he filed an application for a writ of habeas corpus in the Federal District Court advancing several constitutional claims, two of which raised difficult questions. The first challenged the competency of his trial counsel and the second made serious allegations of prosecutorial misconduct. After hearing extensive evidence on both claims, on April 8, 1998, the District Court entered an order granting relief on the first claim, but holding that the second was procedurally barred because it had not been fully exhausted in the state courts. *Abdur'Rahman* v. *Bell,* 999 F. Supp. 1073 (MD Tenn. 1998). The procedural bar resulted from petitioner's failure to ask the Supreme Court of Tennessee to review the lower state courts' refusal to grant relief on the prosecutorial misconduct claim. *Id.,* at 1080–1083.

The District Court's ruling that the claim had not been fully exhausted appeared to be correct under Sixth Circuit precedent[2] and it was consistent with this Court's later holding in *O'Sullivan* v. *Boerckel,* 526 U. S. 838 (1999). In response to our decision in *O'Sullivan,* however, the Tennessee Supreme Court on June 28, 2001, adopted a new rule that changed the legal landscape. See In re: Order Establishing Rule 39, Rules of the Supreme Court of Tennessee: Exhaustion of Remedies. App. 278. That new rule made it perfectly clear that the District Court's procedural bar holding was, in fact, erroneous.[3]

---

[2] See *Silverburg* v. *Evitts,* 993 F. 2d 124 (CA6 1993). Other Circuits had held that the exhaustion requirement may be satisfied without seeking discretionary review in a State's highest court. See, *e. g., Dolny* v. *Erickson,* 32 F. 3d 381 (CA8 1994); *Boerckel* v. *O'Sullivan,* 135 F. 3d 1194 (CA7 1998).

[3] Tennessee Supreme Court Rule 39 reads, in relevant part: "In all appeals from criminal convictions or post-conviction relief matters from and after July 1, 1967, a litigant shall not be required to petition for rehearing or to file an application for permission to appeal to the Supreme Court of Tennessee following an adverse decision of the Court of Criminal Appeals in order to be deemed to have exhausted all available state remedies

The warden appealed from the District Court's order granting the writ, but petitioner did not appeal the ruling that his prosecutorial misconduct claim was procedurally barred. The Court of Appeals set aside the District Court's grant of relief to petitioner, 226 F. 3d 696 (CA6 2000), and we denied his petition for certiorari on October 9, 2001, 534 U. S. 970. The proceedings that were thereafter initiated raised the questions the Court now refuses to decide.

On November 2, 2001, petitioner filed a motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,[4] seeking relief from the District Court judgment entered on April 8, 1998. The motion did not assert any new constitutional claims and did not rely on any newly discovered evidence. It merely asked the District Court to set aside its 1998 order terminating the habeas corpus proceeding and to decide the merits of the prosecutorial misconduct claim that had been held to be procedurally barred. The motion relied on the

---

respecting a claim of error. Rather, when the claim has been presented to the Court of Criminal Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim." This type of action by the Tennessee Court was anticipated—indeed, invited—by the concurring opinion in *O'Sullivan* v. *Boerckel*, 526 U. S. 838, 849–850 (1999) (opinion of SOUTER, J.).

[4] Federal Rule of Civil Procedure 60(b) provides, in part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment . . . upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

ground that the Tennessee Supreme Court's new Rule 39 demonstrated that the District Court's procedural bar ruling had been based on a mistaken premise.

Relying on Sixth Circuit precedent,[5] on November 27, 2001, the District Court entered an order that: (1) characterized the motion as a "second or successive habeas corpus application" governed by 28 U. S. C. § 2244; (2) held that the District Court was therefore without jurisdiction to decide the motion;[6] and (3) transferred the case to the Court of Appeals pursuant to § 1631.[7]

Petitioner sought review of that order in both the District Court and the Court of Appeals. In the District Court, petitioner filed a notice of appeal and requested a certificate of appealability. See Civil Docket for Case No. 96–CV–380 (MD Tenn., Apr. 23, 1996), App. 11. In the Court of Appeals, petitioner filed the notice of appeal, again sought a certificate of appealability, and moved the court to consolidate the appeal of the District Court's Rule 60(b) ruling with his pre-

---

[5] *McQueen* v. *Scroggy*, 99 F. 3d 1302, 1335 (CA6 1996) ("We agree with those circuits that have held that a Rule 60(b) motion is the practical equivalent of a successive habeas corpus petition . . .").

[6] Title 28 U. S. C. § 2244(b)(ii)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[7] Section 1631 provides: "Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Under Sixth Circuit precedent, a district court presented with a "second or successive" habeas application must transfer it to the Court of Appeals pursuant to that section. See *In re Sims*, 111 F. 3d 45 (CA6 1997).

existing appeal of his original federal habeas petition. *Id.*, at 28. On January 18, 2002, the Court of Appeals entered an order that endorsed the District Court's disposition of the Rule 60(b) motion, specifically including its characterization of the motion as a successive habeas petition. Nos. 98–6568/6569, 01–6504 (CA6), p. 2, App. 35, 36. In that order the Court of Appeals stated that the "district court properly found that a Rule 60(b) motion is the equivalent of a successive habeas corpus petition," and then held that Abdur'Rahman's petition did not satisfy the gateway criteria set forth in § 2244(b)(2) for the filing of such a petition. *Ibid.* It concluded that "all relief requested to this panel is denied." *Id.*, at 37. In a second order, entered on February 11, 2002, Nos. 98–6568/6569, 01–6504 (CA6), *id.*, at 38, the Court of Appeals referred to additional filings by petitioner and denied them all.[8]

Thereafter we stayed petitioner's execution and granted his petition for certiorari to review the Court of Appeals' disposition of his Rule 60(b) motion.[9] 535 U. S. 1016 (2002).

## II

The answer to the jurisdictional questions that we asked the parties to address depends on whether the motion that petitioner filed on November 2, 2001, was properly styled as

---

[8] One paragraph in that order reads as follows: "The order construing an ostensible Rule 60(b) motion as an application for leave to file a second habeas corpus petition . . . is not an appealable order in No. 01–6504, which is therefore DISMISSED for lack of jurisdiction." App. 39.

[9] The two questions presented in the certiorari petition read as follows: "1. Whether the Sixth Circuit erred in holding, in square conflict with decisions of this Court and of other circuits, that every Rule 60(b) Motion constitutes a prohibited 'second or successive' habeas petition as a matter of law.

"2. Whether a court of appeals abuses its discretion in refusing to permit consideration of a vital intervening legal development when the failure to do so precludes a habeas petitioner from ever receiving any adjudication of his claims on the merits." Pet. for Cert.

a Rule 60(b) motion, or was actually an application to file a second or successive habeas corpus petition, as the Court of Appeals held. If it was the latter, petitioner clearly failed to follow the procedure specified in 28 U. S. C. § 2244(b)(3)(A).[10] On the other hand, it is clear that if the motion was a valid Rule 60(b) filing, the Court of Appeals had jurisdiction to review the District Court's denial of relief—either because that denial was a final order from which petitioner filed a timely appeal, or because the District Court had transferred the matter to the Court of Appeals pursuant to § 1631.[11] In either event the issue was properly before the Court of Appeals, and—since the jurisdictional bar in § 2244(b)(3)(E) does not apply to Rule 60(b) motions—we certainly have jurisdiction to review the orders that the Court of Appeals entered on January 18 and February 11, 2002. Thus, in order to resolve both the jurisdictional issues and the questions presented in the certiorari petition, it is necessary to identify the difference, if any, between a Rule 60(b) motion and a second or successive habeas corpus application.

As Judge Tjoflat explained in a recent opinion addressing that precise issue, the difference is defined by the relief that the applicant seeks. Is he seeking relief from a federal court's final order entered in a habeas proceeding on one or more of the grounds set forth in Rule 60(b), or is he seeking relief from a state court's judgment of conviction on the basis of a new constitutional claim? Referring to the difference

---

[10] Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner filed no such motion.

[11] It is of particular importance that petitioner filed his notice of appeal in both the Court of Appeals and the District Court. Regardless of whether the District Court's transfer order divested that court of jurisdiction to conduct further proceedings, petitioner challenged the specific characterization of his Rule 60(b) motion before the two possible courts that could hear his claim.

between a Rule 60(b) motion and a "second or successive" habeas corpus petition, Judge Tjoflat wrote:

"The distinction lies in the harm each is designed to cure. A 'second or successive' habeas corpus petition, as discussed above, is meant to address two specific types of constitutional claims by prisoners: (1) claims that 'rel[y] on a new rule of constitutional law,' and (2) claims that rely on a rule of constitutional law and are based on evidence that 'could not have been discovered previously through the exercise of due diligence' and would establish the petitioner's factual innocence. 28 U. S. C. § 2244(b)(3)(A). Neither of these types of claims challenges the district court's previous denial of relief under 28 U. S. C. § 2254. Instead, each alleges that the contextual circumstances of the proceeding have changed so much that the petitioner's conviction or sentence now runs afoul of the Constitution.

"In contrast, a motion for relief under Rule 60 of the Federal Rules of Civil Procedure contests the integrity of the proceeding that resulted in the district court's judgment.

.         .         .         .         .

"When a habeas corpus petitioner moves for relief under, for example, Rule 60(b)(3), he is impugning the integrity of the district court's judgment rejecting his petition on the ground that the State obtained the judgment by fraud. Asserting this claim is quite different from contending, as the petitioner would in a successive habeas corpus petition, that his conviction or sentence was obtained 'in violation of the Constitution or laws or treaties of the United States.' 28 U. S. C. § 2254(a).

"In sum, a 'second or successive' habeas corpus petition, like all habeas corpus petitions, is meant to remedy constitutional violations (albeit ones which arise out of facts discovered or laws evolved after an initial habeas corpus proceeding), while a Rule 60(b) motion is de-

signed to cure procedural violations in an earlier pro-
ceeding—here, a habeas corpus proceeding—that raise
questions about that proceeding's integrity.

.         .         .         .         .

"As a final note, I would add that this rule is not just
consistent with case law, but it also comports with the
fair and equitable administration of justice.  If, for ex-
ample, a death row inmate could show that the State
indeed committed fraud upon the district court during
his habeas corpus proceeding, it would be a miscarriage
of justice if we turned a blind eye to such abuse of the
judicial process.  Nevertheless, this is the result that
would occur if habeas corpus petitioners' Rule 60(b) mo-
tions were always considered 'second or successive' ha-
beas corpus petitions.  After all, a claim of prosecuto-
rial fraud does not rely on 'a new rule of constitutional
law' and may not 'establish by clear and convincing evi-
dence that . . . no reasonable factfinder would have found
the applicant guilty of the underlying offense.'  28
U. S. C. § 2244(b)(2).  It is a claim that nonetheless must
be recognized."  *Mobley* v. *Head,* 306 F. 3d 1096, 1100–
1105 (CA11 2002) (dissenting opinion).

Judge Tjoflat's reasoning is fully consistent with this
Court's decisions in *Stewart* v. *Martinez-Villareal,* 523 U. S.
637 (1998), and *Slack* v. *McDaniel,* 529 U. S. 473 (2000).
Applying that reasoning to the present case, it is perfectly
clear that the petitioner *filed* a proper Rule 60(b) motion.
(Whether it should have been granted is a different ques-
tion.)  The motion did not purport to set forth the basis for
a second or successive challenge to the state-court judgment
of conviction.  It did, however, seek relief from the final
order entered by the federal court in the habeas proceeding,
and it relied on grounds that are either directly or indirectly
identified in Rule 60(b) as possible bases for such relief.  Es-
sentially it submitted that the "changes in the . . . legal land-

scape," *Agostini* v. *Felton*, 521 U. S. 203, 215 (1997), effected by Tennessee's new rule demonstrated that the District Court's procedural bar ruling rested on a mistaken premise. In petitioner's view, that mistake constituted a "reason justifying relief from the operation of the judgment" within the meaning of Rule 60(b)(6). Whether one ultimately agrees or disagrees with that submission, it had sufficient arguable merit to persuade at least four Members of this Court to grant his certiorari petition.

### III

In the District Court petitioner filed a comprehensive memorandum supporting his submission that his Rule 60(b) motion should be granted. App. 171–267. He has argued that the evidence already presented to the court proves that the prosecutor was guilty of serious misconduct; that affidavits executed by eight members of the jury that sentenced him to death establish that they would have not voted in favor of the death penalty if they had known the facts that the prosecutor improperly withheld or concealed from them; and that it is inequitable to allow an erroneous procedural ruling to deprive him of a ruling on the merits. In this Court, a brief filed by former prosecutors as *amici curiae* urges us to address the misconduct claim, stressing the importance of condemning the conduct disclosed by the record.[12] Arguably it would be appropriate for us to do so in order to answer the second question presented in the certiorari petition. In my opinion, however, correct procedure requires that the merits of the Rule 60(b) motion be addressed in the first instance by the District Court.

The District Court has already heard the extensive evidence relevant to the prosecutorial misconduct claim, as well as the evidence that persuaded both the Tennessee appellate court and two federal courts that petitioner's trial counsel

---

[12] See Brief for James F. Neal et al. as *Amici Curiae* 24.

was ineffective (relief was denied on this claim based on a conclusion that counsel's ineffectiveness did not affect the outcome of the trial). That court is, therefore, in the best position to evaluate the equitable considerations that may be taken into account in ruling on a Rule 60(b) motion. Moreover, simply as a matter of orderly procedure, the court in which the motion was properly filed is the one that should first evaluate its merits.

The Court of Appeals for the Sixth Circuit plainly erred when it characterized petitioner's Rule 60(b) motion as an application for a second or successive habeas petition and denied relief for that reason. The "federalism" concerns that motivated this Court's misguided decisions in *Coleman* v. *Thompson*, 501 U. S. 722 (1991),[13] and *O'Sullivan* v. *Boerckel*, 526 U. S. 838 (1999), do not even arguably support the Sixth Circuit's disposition of petitioner's motion. I would therefore vacate the orders that that court entered on January 18 and February 11, 2002, and remand the case to that court with instructions to direct the District Court to rule on the merits of the Rule 60(b) motion.

---

[13] "This is a case about federalism." 501 U. S., at 726.