Frederick FOSTER, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CIV.A.00–2227(RMU).
No. CRIM.A.96–0028(RMU).

United States District Court, District of Columbia.

Sept. 30, 2003.

*MEMORANDUM OPINION*

URBINA, District Judge.

DENYING THE PETITIONER'S MOTIONS

## I. INTRODUCTION

More than seven years ago, this court sentenced the *pro se* petitioner to serve terms of imprisonment and supervised release, and directed him to pay restitution to the victims of his fraudulent activities. At the sentencing hearing, the court instructed the petitioner that his restitution payments were to "begin as soon as possible" and reiterated that such payments were "to begin immediately" in the judgment-and-commitment order. Once in the custody of the Bureau of Prisons ("BOP"), the petitioner entered the BOP's Inmate Financial Responsibility Program ("IFRP") so that he could make payments toward his restitution throughout his period of incarceration. This case now comes before the court on the petitioner's motions challenging the judgment-and-commitment order. Specifically, the petitioner asks the court to amend the judgment-and-commitment order by staying his restitution obligations until his release from prison. Because the petitioner advances no basis warranting the requested relief, the court denies the petitioner's motions.

## II. BACKGROUND

On February 28, 1996, the petitioner pled guilty to one count of access device fraud, in violation of 18 U.S.C. § 1029. J. at 1; Pet'r's R. 36 Mot. ("Pet'r's 1st Mot.") at 1. On June 10, 1996, the court sentenced the petitioner to 12 months in prison and three years of supervised release, and directed him to make restitution payments to his defrauded victims totaling approximately $33,000. Tr. 06/10/96 Hr'g ("Tr.") at 33–34. At the sentencing hearing, the court ordered the petitioner to begin making restitution payments "as soon as possible." *Id.* Similarly, the judgment-and-commitment order that followed expressly stated that payments were to begin "immediately." J. at 4. Making no mention of repayment specifics, the court committed the petitioner to the BOP's custody. Tr. at 34–35. Once the petitioner was in its custody, the BOP enrolled the petitioner in the IFRP to allow him to make restitution payments during the course of his incarceration. Pet'r's 1st Mot. at 1–2.

On July 24, 2000, the petitioner initiated the instant action by filing a motion to alter the language of the judgment-and-commitment order pursuant to Federal Rule of Criminal Procedure 36. *Id.* at 3. Believing that a discrepancy of language exists between the court's oral pronouncement of the sentence and the judgment-and-commitment order, the petitioner asks the court to reconcile this alleged discrepancy. *Id.* Specifically, the petitioner requests that the court amend his sentence to require that restitution payments begin upon commencement of his supervised-release term. *Id.* On November 2, 2000, the respondent filed a response stating that it does not oppose the petitioner's Rule 36 motion. Gov't's Resp. at 3.

On August 2, 2001, the petitioner filed a motion for reconsideration[1] pursuant to Federal Rule of Civil Procedure 60(b), that essentially mirrors his Rule 36 request. *See generally* Pet'r's R. 60(b) Mot. ("Pet'r's 2d Mot."). In this second motion, the petitioner asks the court to preclude the BOP from compelling his participation

---

1. Although the petitioner styles his motion as a "motion for reconsideration," the court refers to it as a motion for relief from judgment to parallel the language of Rule 60(b). FED. R. CIV. P. 60(b); *Adair v. England*, 209 F.R.D. 1, 2 n. 2 (D.D.C.2002).

in the IFRP, claiming that the program is unconstitutional. *Id.* at 2–3. On May 14, 2002, the respondent filed its opposition to the petitioner's second motion on the grounds that the motion is both meritless and time-barred. Gov't's Opp'n. at 4–11. The court now addresses both of the petitioner's motions.

## III. ANALYSIS

### A. Legal Standards

#### 1. Relief Under Federal Rule of Criminal Procedure 36

 Pursuant to Rule 36, the court may correct a criminal judgment, order, or other document entered in a criminal action at any time, either upon its own initiative or upon motion by a party. FED. R. CRIM. P. 36; *United States v. Lewis*, 626 F.2d 940, 953 n. 21 (D.C.Cir.1980). Courts have limited the application of this rule to only authorize corrections of "clerical errors in the transcription of judgments, [so as] not to effectuate [the court's] unexpressed intentions at the time of sentencing." *United States v. Werber*, 51 F.3d 342, 343 (2d Cir.1995); *see also, e.g., United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990). Clerical errors are "minor, uncontroversial errors," such as mechanical errors that a clerk might commit. *Id.* at 347. Courts have consistently rejected expansive uses of Rule 36 such as those that would substantially change the internal structure of a sentence or judgment. *E.g., id.; United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996). Courts also have authorized the application of Rule 36, however, in cases where a written judgment does not correspond to an unambiguous oral pronouncement at sentencing. *E.g., Lewis*, 626 F.2d at 953 & n. 21; *United States v. Corey*, 999 F.2d 493, 496–97 (10th Cir.1993).

#### 2. Relief Under Federal Rule of Civil Procedure 60(b)

 In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311–12 (D.C.Cir.1986). First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. FED. R. CIV. P. 60(b). Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. *Id.; Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C.Cir.1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C.1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." FED. R. CIV. P. 60(b). A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir.1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed ... or it is no longer equitable that the judgment should have

prospective application." FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1138 (D.C.Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.,* 507 U.S. at 393, 113 S.Ct. 1489.

■ A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id.* The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 592 (6th Cir.2002).

## B. The Court Denies the Petitioner's Rule 36 Motion [2]

■ As noted, the court can apply Rule 36 to amend a sentence in the case of clerical errors. FED. R. CRIM. P. 36; *Werber,* 51 F.3d at 343; *Ferguson,* 918 F.2d at 630. The court also may apply this Rule

when the written judgment differs from an unambiguous oral pronouncement. *Lewis,* 626 F.2d at 953 & n. 21; *Corey,* 999 F.2d at 496–97. The petitioner claims that the difference in wording between the court's oral pronouncement of the sentence and the judgment-and-commitment order amounts to a clerical error that deserves correction. Pet'r's 1st Mot. at 3. To the contrary, not only is the change in wording from "as soon as possible" to "immediately" unlikely to be a clerical error, this difference in wording does not constitute an inconsistency in meaning. Indeed, as other courts have noted, "[t]he immediate payment directive is generally interpreted to require 'payment to the extent that the defendant can make it in good faith, beginning immediately.'" *Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir.2002) (quoting *McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir.1999)). This accepted interpretation of "immediately" is consistent with the court's oral pronouncement directing the petitioner to make restitution payments as soon as possible. *Compare id. with* Tr. at 33–34 & J. at 3. Accordingly, no error, clerical or otherwise, exists to warrant correction under Rule 36. The court therefore denies the petitioner's motion.

## C. The Court Denies the Petitioner's Rule 60(b) Motion [3]

■ Similarly unavailing is the petitioner's Rule 60(b) motion. The petitioner

---

2. The D.C. Circuit has construed Rule 36 motions by *pro se* petitioners as challenges under 28 U.S.C. § 2255. *Abrams v. United States,* 268 F.2d 582 (D.C.Cir.1959). But the court cannot construe the petitioner's Rule 36 motion as a section 2255 challenge without first giving notice to the petitioner. *United States v. Palmer,* 296 F.3d 1135, 1146 (D.C.Cir. 2002). Even if the court were to provide such notice to the petitioner and construe his Rule 36 motion as a section 2255 challenge to the validity or lawfulness of his sentence, such a cause would prove futile in light of the applicable limitations period which bars a section

2255 challenge if not brought within one year of the date of the court's judgment. 28 U.S.C. § 2255.

3. The substance of the petitioner's Rule 60(b) motion is a request for the court to preclude the BOP from compelling his participation in the IFRP. Pet'r's 2d Mot. at 2–3. Thus, the petitioner's motion is essentially an attack on the manner in which prison officials are executing his sentence, a motion that would be more properly made under 28 U.S.C. § 2241. *Gomori v. Arnold,* 533 F.2d 871, 875 (3d Cir. 1976) (stating that a challenge to a sentence

asks the court to stay the execution of the judgment-and-commitment order's restitution component. Pet'r's 2d Mot. at 1–3.

■ The court must first clear away some legal underbrush before reaching the main issues. The court first notes, as a general principle, that Rule 60(b) is applicable to habeas actions. *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 262, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *see also Woodford v. Garceau*, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003) (noting that the Federal Rules of Civil Procedure are applicable to habeas cases to the extent they do not contradict the Habeas Corpus Rules); *Jackson v. United States*, 353 F.2d 862 (D.C.Cir.1965) (stating that the Federal Rules of Civil Procedure apply to habeas cases). The court also notes that because a petitioner may file only one habeas petition, a Rule 60(b) motion violates this rule because courts have considered such a motion to be a second or successive habeas petition. 28 U.S.C. § 2244(a); *Mobley v. Head*, 306 F.3d 1096, 1096–97 (11th Cir.2002); *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir.1998); *McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th Cir.1996). A petitioner may file such a successive habeas petition, however, only after securing leave to do so from the court of appeals. 28 U.S.C. § 2244(b)(3)(A); *Abdur'Rahman v. Bell*, 537 U.S. 88, 92, 123 S.Ct. 594, 154 L.Ed.2d 501 (2002).

■ In the case *sub judice*, the petitioner improperly filed his Rule 60(b) motion for relief because the court had not yet provided a ruling on his Rule 36 mo-

tion. *See* Fed. R. Civ. P. 60(b). In other words, it belies good sense for the court to grant relief from a final ruling that it has yet to issue. *Id.* Even if the petitioner had brought his Rule 60(b) motion after a final ruling on his Rule 36 motion, an application of the guiding precedent in this area would instruct the court to deny the petitioner's motion as a successive habeas petition. 28 U.S.C. § 2244(b)(3)(A); *Abdur'Rahman*, 537 U.S. at 92, 123 S.Ct. 594. Most significantly, the petitioner fails to carry his burden of demonstrating that he satisfies the prerequisites for Rule 60(b) relief. *McCurry*, 298 F.3d at 592. Accordingly, the court denies the petitioner's Rule 60(b) motion.

■ Assuming *arguendo* that the petitioner's motion constituted a proper challenge to the judgment-and-commitment order, the court would still have to deny Rule 60(b) relief because the motion is time-barred. Fed. R. Civ. P. 60(b). As stated earlier, a movant must file his Rule 60(b) motion either within one year from the date of the final judgment or within a reasonable time depending on the basis advanced for the motion. *Id.* As the government suggests, because the petitioner filed his motion after more than five years from the date of the contested judgment and offered no reason for the delay, the court could deny the petitioner's motion on this added basis. *Id.*

## IV. CONCLUSION

For the foregoing reasons, the court denies the petitioner's motions. An order directing the parties in a manner consis-

executed by federal prison and parole authorities is properly made under section 2241). Although the court does not reach the merits of the petitioner's request, the court takes this opportunity to note that the petitioner is not housed in this district and, therefore, the petitioner could assert such a challenge only in

the district that has personal jurisdiction over the petitioner's prison custodian. 28 U.S.C. § 2241; *Smith v. United States*, 277 F.Supp.2d 100, 105 (D.D.C.2003). Today's ruling should not be interpreted as precluding any future section 2241 claim that the petitioner may assert in the proper district.

tent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of September 2003.