**Troy SANDERS Jr., Petitioner,**

v.

**Gary R. McCAUGHTRY, Respondent.**

No. 00–C–592.

United States District Court,
E.D. Wisconsin.

Sept. 8, 2004.

---

798

Pro se, for Petitioner.

Gregory M. Weber, for Respondent.

### DECISION AND ORDER

ADELMAN, District Judge.

Troy Sanders Jr., a Wisconsin state prisoner, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 20, 2001, I denied his petition on the ground that he had procedurally defaulted his claims by failing to file a timely petition for review in the state supreme court. Petitioner now moves for reconsideration alleging that he has new evidence showing that his petition for review was timely filed.

■■■ A motion to reconsider may be brought pursuant to Fed.R.Civ.P. 59(e) or 60(b). The key factor in determining whether a motion is cognizable under Rule 59 or Rule 60 is its timing. *Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir.1997). A motion filed within ten days of the entry of judgment is considered under Rule 59 and one filed after such time is considered under Rule 60. *See id.* In the present case, petitioner's motion was filed several years after the entry of judgment; thus, I consider it under Rule 60(b).

■■■ When addressing a Rule 60(b) motion seeking reconsideration of the dismissal of a habeas petition, I must first determine whether I have jurisdiction to consider the motion. Under certain circumstances, a Rule 60(b) motion must be treated as a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b).[1] *See Dunlap v. Litscher,* 301 F.3d 873, 875 (7th Cir.2002) (collecting cases). If a Rule 60(b) motion is in effect a second or suc-

---

1. Section 2244(b) provides, in relevant part, as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

cessive petition, a district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a petition. *See* 28 U.S.C. § 2244(b)(3); *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir.1996). However, a Rule 60(b) motion must be treated as a second or successive petition only when it "conflicts with [the Antiterrorism and Effective Death Penalty Act ("AEDPA")]." *Dunlap,* 301 F.3d at 875.

■ The Seventh Circuit has not explained precisely when a Rule 60(b) motion conflicts with AEDPA. Justice Stevens has stated that a Rule 60(b) motion should be treated as a second or successive petition only when it challenges the constitutionality of the state court criminal conviction and not when it focuses on the integrity of the proceeding in the district court. *See Abdur'Rahman v. Bell,* 537 U.S. 88, 94–95, 123 S.Ct. 594, 154 L.Ed.2d 501 (2002) (Stevens, J., dissenting from dismissal of certiorari) (quoting *Mobley v. Head,* 306 F.3d 1096, 1100–05 (11th Cir. 2002) (Tjoflat, J., dissenting)).[2] He reasoned that a Rule 60(b) motion that focuses on a defect in the habeas proceeding and not on the constitutionality of the underlying conviction does not seek the type of relief at which the restrictions of § 2244(b) are aimed. *Id.* at 95–96, 123 S.Ct. 594. For example, if the state fraudulently procures the dismissal of a habeas petition, the petitioner could invoke Rule 60(b) because the state's fraud would have

undermined the legitimacy of the habeas proceeding. *Dunlap,* 301 F.3d at 875–76; *see also Banks v. United States,* 167 F.3d 1082, 1083–84 (7th Cir.1999) (stating that petitioner's counsel's failure to consult with petitioner undermined the legitimacy of the federal habeas proceeding and could be raised under Rule 60(b)).

■ When determining pursuant to *Dunlap* whether a Rule 60(b) motion conflicts with AEDPA, I conclude that it makes sense to utilize Justice Stevens's analysis. Doing so in the present case leads me to conclude that petitioner's motion does not conflict with AEDPA. The basis for petitioner's motion is that he has new evidence indicating that his petition should not have been dismissed for procedural default. Petitioner's argument calls into question only the legitimacy of the decision in the habeas proceeding and not the constitutionality of his state court conviction. Accordingly, his Rule 60(b) motion is not an attempt to circumvent AEDPA's restrictions on second or successive petitions and I have jurisdiction to consider it.[3]

■ Although I have jurisdiction to consider petitioner's Rule 60(b) motion, I must nevertheless deny it. A motion to set aside a judgment based on newly discovered evidence must be brought within one year of the date on which the judgment was entered. Fed.R.Civ.P. 60(b); *Egger v. Phillips,* 710 F.2d 292, 329 (7th Cir.1983),

**2.** In *Abdur'Rahman,* the Supreme Court initially granted certiorari to determine under what circumstances, if any, a prisoner in a habeas case governed by AEDPA can invoke Rule 60(b). *Dunlap,* 301 F.3d at 876. However, it subsequently dismissed the writ as improvidently granted. *Abdur'Rahman,* 537 U.S. at 89, 123 S.Ct. 594.

**3.** I note that in *Dunlap,* the court stated that a Rule 60(b) motion based on newly discovered evidence of innocence must be recharacterized as a successive petition. 301 F.3d at

876. Presumably, this is so because a Rule 60(b) motion based on evidence of innocence implicates the constitutionality of the underlying conviction, and thus the restrictions of § 2244(b) would apply. *See* 28 U.S.C. § 2244(b)(2)(B)(ii). In the present case, however, the alleged new evidence does not relate to innocence but only to whether petitioner procedurally defaulted. Thus, reconsideration does not involve assessing the constitutionality of petitioner's conviction and does not circumvent § 2244(b).

800

*overruled on other grounds by Feit v. Ward,* 886 F.2d 848 (7th Cir.1989).   In the present case, petitioner's habeas petition was dismissed on December 20, 2001 and his motion to reconsider was filed on May 20, 2004, well over a year after the entry of judgment.   Thus, plaintiff's motion will be denied.

**THEREFORE, IT IS ORDERED** that petitioner's motion for reconsideration is **DENIED**.