# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued March 6, 2014          Decided August 22, 2014

No. 12-3073

UNITED STATES OF AMERICA,
APPELLEE

v.

DERREK E. ARRINGTON,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:00-cr-00159-1)

*Ben Thorpe*, Student Counsel, argued the cause for appellant. With him on the briefs were *Erica Hashimoto*, appointed by the court, and *Dennis Vann*, Student Counsel.

*Jay Apperson*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman* and *Suzanne Grealy Curt*, Assistant U.S. Attorneys.

Before: GARLAND, *Chief Judge*, and SRINIVASAN and MILLETT, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SRINIVASAN.

2

SRINIVASAN, *Circuit Judge*: Derrek E. Arrington was convicted of assaulting a federal officer and unlawfully possessing a firearm as a convicted felon. After filing an unsuccessful appeal and, *inter alia*, a motion for post-conviction relief under 28 U.S.C. § 2255, Arrington challenged his twenty-year sentence and the consecutive terms of his supervised release under Federal Rule of Civil Procedure 60(b) and Federal Rule of Criminal Procedure 36. The district court denied both motions, and this appeal followed. We conclude that we lack jurisdiction over Arrington's appeal from the denial of his Rule 60(b) motion and therefore dismiss that portion of his appeal. We affirm the district court's denial of Arrington's Rule 36 motion because Arrington failed to assert a "clerical error" within the meaning of that rule. We further determine that 28 U.S.C. § 2106 does not authorize us to grant Arrington the relief he seeks.

I.

In September 2000, a federal jury convicted Arrington on one count of assaulting a federal officer with a dangerous weapon, in violation of 18 U.S.C. § 111(b), and one count of unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). At the time of Arrington's conviction, the maximum term of imprisonment for each of those two counts was ten years. The district court sentenced Arrington to twenty years of imprisonment, to be followed by consecutive, three-year terms of supervised release for each offense. In its statement of reasons, the court explained the rationale for Arrington's sentence as follows: "Statutory maximum is 240 months." Judgment at 7. The court also entered a supervised release order reiterating that, upon release, Arrington would "be on supervised release for a term of THREE (3) YEARS ON EACH COUNT, WHICH SHALL

BE SERVED CONSECUTIVELY TO EACH OTHER, FOR A TOTAL OF SIX (6) YEARS." *Id.* at 3.

On direct appeal, Arrington did not raise either of the two arguments that he asserts here: (i) that the district court failed to follow proper procedures in imposing consecutive, ten-year terms of imprisonment for each of Arrington's two counts of conviction; and (ii) that the district court unlawfully imposed consecutive terms of supervised release. This court affirmed the district court's judgment. *United States v. Arrington*, 309 F.3d 40 (D.C. Cir. 2002), *cert. denied*, 537 U.S. 1241 (2003).

In December 2003, Arrington filed a pro se motion for post-conviction relief under 28 U.S.C. § 2255. Arrington again raised neither of the arguments on which he now relies. In April 2007, the district court denied Arrington's § 2255 motion. *See Arrington v. United States*, No. 00-0159, 2007 WL 1238740 (D.D.C. Apr. 26, 2007).

In June 2007, Arrington filed a new motion asking the district court to alter or amend its judgment. He argued that his twenty-year prison sentence exceeded the statutory maximum. The district court denied the motion. Initially, the court based its denial on the (mistaken) rationale that the maximum sentence for one of Arrington's offenses was in fact twenty years of imprisonment. When Arrington then sought to appeal the district court's denials of his two post-conviction motions, he was required to obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c). The district court declined to issue a certificate of appealability, but used the occasion to correct its mistake concerning the maximum sentence for Arrington's offenses. The court acknowledged that the maximum for each offense at the time of Arrington's conduct was ten years, but the court emphasized that Arrington's twenty-year sentence was nonetheless lawful

because it equaled the statutory maximum for consecutive sentences for the two offenses.

In March 2011, Arrington filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Arrington's motion argued that the district court was required to state explicitly at sentencing that it was imposing consecutive ten-year prison terms for Arrington's two counts of conviction. The district court denied the motion in April 2011, stating that Arrington was "not entitled to relief under Rule 60(b)(6)" because "the Federal Rules of Civil Procedure do not apply to criminal cases." Order at 1 (Apr. 8, 2011), ECF No. 138.

Arrington subsequently sent a letter to the U.S. Probation Office concerning his terms of supervised release. He alerted the Probation Office that the district court had erred in sentencing him to consecutive rather than concurrent terms of supervised release. As his letter pointed out, the governing statute provides that a term of supervised release for a prisoner released by the Bureau of Prisons should "run[] concurrently with any . . . term of probation or supervised release . . . for another offense." 18 U.S.C. § 3624(e). In October 2011, the Probation Office submitted a status report to the district court recommending that the judgment and commitment order in Arrington's case be revised to reflect that he would serve his terms of supervised release concurrently rather than consecutively. The district court faxed the report to the U.S. Attorney's Office for the District of Columbia, which responded that it would not oppose correcting the supervised release term.

In November 2011, relying on the Probation Office's status report and the U.S. Attorney's Office's response, Arrington—proceeding pro se—filed a new Rule 60(b)

motion arguing that it was unlawful to impose consecutive terms of supervised release. Arrington also repeated his argument that the sentencing court was required to state expressly that it intended to impose consecutive ten-year prison terms.

In December 2011, the Federal Public Defender filed a motion on Arrington's behalf under Rule 36 of the Federal Rules of Criminal Procedure to amend the judgment and commitment order so that Arrington's terms of supervised release would run concurrently rather than consecutively. *See* Fed. R. Crim. P. 36 ("[T]he court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."). In response, the U.S. Attorney's Office reiterated its agreement that terms of supervised release cannot run consecutively, but argued that Rule 36 is not a proper vehicle for correcting the error. The U.S. Attorney's Office added that Arrington could wait until he has served at least one year of supervised release, at which time he could ask the district court to modify his term of supervised release. *See* 18 U.S.C. § 3583(e)(1) (court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release" under certain conditions).

The district court issued an order denying relief on the Rule 36 and Rule 60(b) motions. With respect to the Rule 36 motion, the court agreed with the U.S. Attorney's Office that the rule applies only to "'minor, uncontroversial errors'" and "is not a proper vehicle to challenge a sentence on the basis that it was unlawfully imposed." Order at 2 (July 26, 2012), ECF No. 166 (quoting *Foster v. United States*, 290 F. Supp. 2d 5, 8 (D.D.C. 2003)). The court also denied the Rule 60(b) motion, observing that it was "unaware of any procedural vehicle by which the defendant can appropriately challenge

his sentence to consecutive terms of supervised release." *Id.* The court noted, however, that it is "possible" that, after Arrington served at least one year of supervised release, he could seek relief by moving for early termination of supervised release under 18 U.S.C. § 3583(e)(1). *See id.*

Arrington appeals the district court's denial of his Rule 60(b) and Rule 36 motions. Upon his request, we appointed counsel to argue as amicus curiae in favor of his position. On appeal, Arrington and amicus counsel renew Arrington's challenges to (i) the imposition of a twenty-year term of imprisonment without an explicit statement of an intent to prescribe consecutive ten-year terms, and (ii) the imposition of consecutive (as opposed to concurrent) three-year terms of supervised release. The court thanks amicus counsel for their assistance with this case.

## II.

We begin with Arrington's appeal from the denial of his November 2011 motion under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" for any of five specified reasons or for "any other reason that justifies relief." Arrington's Rule 60(b) motion did not specify the final judgment, order, or proceeding from which he seeks relief. If his motion seeks to reopen direct review of the judgment in his criminal case, the motion fails at the threshold because— as the district court recognized—the Federal Rules of Civil Procedure (including Rule 60(b)) do not apply to criminal cases. *See* Fed. R. Civ. P. 1; *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). But we might also understand Arrington's Rule 60(b) motion to seek whatever relief is available in connection with his earlier post-

conviction civil proceedings. *See* 28 U.S.C. § 2255; *see also Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (noting our "obligation to construe pro se filings liberally"). If so, however, his motion raises claims that bring it within the ambit of Supreme Court precedent forbidding circumvention of statutory limitations on post-conviction relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (a Rule 60(b) motion asserting a "federal basis for relief" from a "judgment of conviction" is "in substance a . . . habeas petition and should be treated accordingly"). Although the Supreme Court in *Crosby* considered Rule 60(b)'s application only in the context of § 2254 cases involving state prisoners (as opposed to § 2255 cases involving federal prisoners), *see id.* at 529 n.3, the concern with circumvention is the same in both circumstances. Accordingly, we join our sister circuits in applying *Crosby*'s rationale to § 2255 cases. *See, e.g.*, *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013); *United States v. Washington*, 653 F.3d 1057, 1059-60 (9th Cir. 2011); *In re Nailor*, 487 F.3d 1018, 1021-23 (6th Cir. 2007); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006); *Jackson v. Crosby*, 437 F.3d 1290, 1294-95 (11th Cir. 2006).

Insofar as we construe Arrington's Rule 60(b) motion to seek such relief, we must therefore subject his appeal to the same requirements that would attend an appeal from the denial of a motion under § 2255. *See Crosby*, 545 U.S. at 531. Once we do so, we conclude that we lack jurisdiction to consider his appeal. That is because, unless a federal judge has issued a certificate of appealability, a court of appeals has no jurisdiction over an appeal from a "final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 649 (2012); *Miller-El v. Cockrell*, 537 U.S. 332, 335-36 (2003); *see also United States v. Vargas*, 393 F.3d 172, 173-75 (D.C. Cir. 2004)

(requiring a certificate of appealability for an appeal from the denial of a Rule 60(b) motion in § 2255 proceedings). Arrington therefore was required to obtain a certificate of appealability before appealing the denial of his motion. *See Vargas*, 393 F.3d at 173-75; *see also Crosby*, 545 U.S. at 535. Arrington, however, has not obtained (or sought) a certificate of appealability.

Even if we construe Arrington's notice of appeal as a request for a certificate of appealability, *see United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000); Fed. R. App. P. 22(b)(2), his appeal from the denial of his Rule 60(b) motion still fails. A certificate of appealability generally may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which in turn requires demonstrating that "jurists of reason would find it debatable whether the [applicant] states a valid claim of the denial of a constitutional right," *United States v. Pollard*, 416 F.3d 48, 54 (D.C. Cir. 2005) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted). There is an added requirement, however, when a district court denies relief in a § 2255 case on procedural grounds without reaching the merits of the claim. In that situation, the applicant must additionally show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

This case requires such a showing. In denying Arrington's Rule 60(b) motion, the district court stated that his motion was not a proper procedural vehicle by which he could challenge his sentence. Arrington cannot demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484) (internal quotation marks

omitted). In particular, he did not—and cannot—satisfy the procedural requirements applicable to second or successive motions under § 2255.

Before bringing his Rule 60(b) motion, Arrington had filed at least one motion under § 2255. For reasons already discussed, Arrington cannot use his Rule 60(b) motion to "circumvent" the limitations on § 2255 motions, including, as is relevant here, the limitations on second or successive motions. *Crosby*, 545 U.S. at 531-32; *see United States v. Washington*, 653 F.3d 1057, 1059-60 (9th Cir. 2011). Of particular significance, a movant who seeks to bring a second or successive § 2255 motion must obtain pre-filing authorization from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). That requirement applies to Rule 60(b) motions attacking an underlying criminal conviction after a prior motion under § 2255. *See Williams v. Thaler*, 602 F.3d 291, 302 & n.4 (5th Cir. 2010) (collecting cases). To grant pre-filing authorization for a second or successive motion, the court of appeals panel must certify that the motion contains either newly discovered evidence demonstrating innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).

Here, Arrington did not seek or obtain pre-filing authorization from this court as required by 28 U.S.C. § 2255(h). And even if we were to construe his appeal as a belated request for pre-filing authorization, *see, e.g.*, *Washington*, 653 F.3d at 1065, Arrington would not meet the criteria specified in § 2255(h). Arrington's challenges to his terms of imprisonment and supervised release do not purport to rest on newly discovered evidence of innocence. Nor does he identify any "new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court" that might underlay his claims. Indeed, amicus counsel acknowledges that Arrington's claims for relief do not arise under the Constitution, much less rest on any new rule of constitutional law made retroactive by the Supreme Court.

Arrington's Rule 60(b) motion thus was in substance a successive § 2255 motion as to which he did not, and could not, obtain the necessary pre-filing authorization. "[J]urists of reason" therefore would not debate the correctness of the district court's denial of the Rule 60(b) motion on procedural grounds. *Pollard*, 416 F.3d at 54 (quoting *Slack*, 529 U.S. at 484); *see United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (denying a certificate of appealability "because reasonable jurists would not find debatable" the district court's dismissal of the prisoner's Rule 60 motion as a successive § 2255 petition lacking pre-filing authorization); *Munoz v. United States*, 331 F.3d 151 (1st Cir. 2003) (construing a Rule 60(b) motion as a successive and unauthorized § 2255 petition and denying a certificate of appealability on that basis). It is of no matter that the district court summarily denied relief on procedural grounds without specifically referencing § 2255(h)'s requirement to obtain pre-filing authorization. "[W]e may deny a [certificate of appealability] if there is a plain procedural bar to [post-conviction] relief, even though the district court did not rely on that bar" and instead relied on another procedural bar. *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

Arrington, in short, is not entitled to a certificate of appealability. In the absence of such a certificate, we lack jurisdiction over his appeal. We therefore dismiss Arrington's appeal from the district court's denial of his Rule 60(b) motion.

III.

Arrington's motion under Rule 36 of the Federal Rules of Criminal Procedure similarly affords him no avenue for relief. Rule 36 authorizes a court "at any time" to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. A Rule 36 motion to correct a genuine clerical error is "not in substance" a motion for post-conviction relief under § 2255, nor "similar enough" to one, so as to implicate the statutory limitations on successive § 2255 proceedings. *Crosby*, 545 U.S. at 531.

Amicus counsel argues that the district court's erroneous imposition of consecutive supervised release terms qualifies as a "clerical error" that may be corrected by amending the district court's judgment and commitment order. In amicus counsel's view, the error is clerical because it is "minor," apparent on the face of the record, and remediable by changing one word. The government, for its part, does not dispute that the district court erred by imposing consecutive terms of supervised release. Like the district court, however, the government maintains that Rule 36 is an improper vehicle to correct this error. We agree.

"Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003); *accord United States v. Shakur*, 691 F.3d 979, 989 (8th Cir. 2012); *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006); *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003); *United States v. Ranney*, 298 F.3d 74, 81 (1st Cir. 2002); *United States v. Blackwell*, 81 F.3d 945, 948-49 (10th Cir. 1996). A contrary interpretation of Rule 36 would permit ready evasion of the time limit prescribed by Federal Rule of

Criminal Procedure 35(a) for "correct[ing] a sentence that resulted from . . . clear error." Fed. R. Crim. P. 35(a); *see United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008) ("Rule 36 cannot be used to enlarge the time provided by Rule 35(a) for fixing judicial gaffes.").

The district court's error in this case does not qualify as clerical. To the contrary, the court plainly intended to sentence Arrington to consecutive three-year terms of supervised release, and the written order accurately reflects the court's intention. *See* J.A. 56-57 (oral rendering of sentence) ("Upon release from imprisonment, you will be placed on supervised release for a term of three years on each count consecutively for a total of six years."); J.A. 21 (written supervised release order) ("Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS ON EACH COUNT, WHICH SHALL BE SERVED CONSECUTIVELY TO EACH OTHER, FOR A TOTAL OF SIX (6) YEARS."). There was no mismatch between the oral and written recitations of Arrington's sentence, *see United States v. Lewis*, 626 F.2d 940, 953 (D.C. Cir. 1980), nor did the judgment of conviction simply misstate the facts to which the defendant had pleaded guilty, *see United States v. Holland*, 117 F.3d 589, 592-95 (D.C. Cir. 1997). Because Arrington seeks substantively to modify his sentence on the basis that it was unlawfully imposed, rather than to correct an error of transcription or administration, Rule 36 affords him no assistance.

What Arrington labels a Rule 36 motion therefore amounts to a substantive attack on his original sentence, one that would have to be brought pursuant to § 2255. Arrington cannot bring a successive § 2255 motion, however, for the jurisdictional reasons discussed in Part II, *supra*.

13

IV.

The government suggests that this court could exercise its authority under 28 U.S.C. § 2106 to amend the judgment so that Arrington's terms of supervised release run concurrently. Expanding upon that suggestion, amicus counsel argues that we should also exercise our § 2106 authority to remand for resentencing with respect to Arrington's twenty-year sentence of imprisonment. We conclude that § 2106 does not grant us authority to undertake either measure.

Section 2106 authorizes "[t]he Supreme Court or any other court of appellate jurisdiction" to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review," and to "remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106. Enacted as part of the 1948 Judicial Code, § 2106 "is an outgrowth of a long line of Federal statutes . . . intended to liberate our appellate courts from the English common law rules restricting their authority." *Austin v. United States*, 382 F.2d 129, 140 (D.C. Cir. 1967). The authority conferred by that provision, however, is not unlimited. *See Greenlaw v. United States*, 554 U.S. 237, 249 (2008).

Courts principally invoke § 2106 to fashion an appropriate remedy on direct appeal. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661 (1978) ("On direct appeal, a court of appeals has broad authority to 'modify, vacate, set aside or reverse' an order of a district court, and it may direct such further action on remand 'as may be just under the circumstances.'" (quoting 28 U.S.C. § 2106)); *accord United States v. Ticchiarelli*, 171 F.3d 24, 31 (1st Cir. 1999). For example, this circuit has relied on § 2106 on direct appeal to

"authorize[] reduction to a lesser included offense where the evidence is insufficient to support an element of the offense stated in the verdict." *Austin*, 382 F.2d at 140; *accord United States v. Brisbane*, 367 F.3d 910, 915 (D.C. Cir. 2004). Courts have also invoked § 2106 to suggest that a different judge take over the case on remand, *Barber v. United States*, 711 F.2d 128, 131 (9th Cir. 1983), to excuse a plaintiff's failure to file a cross-appeal against one of the defendants, *Tug Raven v. Trexler*, 419 F.2d 536, 548 (4th Cir. 1969), and, under "exceptional circumstances," to authorize a court of appeals to recall its mandate, *see Greater Bos. Television Corp. v. FCC*, 463 F.2d 268, 278 (D.C. Cir. 1971) (internal quotation marks omitted).

The circumstances of this case are of an altogether different nature. Arrington already filed a direct appeal and an initial unsuccessful § 2255 motion in which he failed to raise his current claims. He then filed motions under various labels that were substantively indistinguishable from successive § 2255 motions. On appeal from the district court's denial of his Rule 36 and Rule 60(b) motions, he invokes § 2106 as a basis for amending his sentence and supervised release terms, arguing that they are now "lawfully brought before [this court] for review." 28 U.S.C. § 2106. But to extend § 2106 in that fashion would eviscerate the gatekeeping requirements of § 2255(h). Any prisoner who wishes to challenge his original sentence but failed to do so on direct appeal or in his initial § 2255 motion could bring a meritless Rule 36 motion to correct the sentence. Upon the district court's inevitable denial of the Rule 36 motion, the prisoner could appeal and ask the court of appeals to invoke its authority under 28 U.S.C. § 2106. The court of appeals could then grant relief on a second or successive motion even in the absence of "newly discovered evidence" or a new, retroactive rule of constitutional law. *See* 28 U.S.C.

§ 2255(h). We decline to adopt a reading of § 2106 that would enable prisoners readily to sidestep the limits imposed by Congress on successive § 2255 motions. *See* Part II, *supra*.

We are unpersuaded by amicus counsel's reliance on *United States v. Burd*, 86 F.3d 285 (2d Cir. 1996). In that case, a jury convicted the defendant of twelve counts of wire fraud. Although the maximum sentence under the wire fraud statute was sixty months, the district judge sentenced the defendant to seventy-eight months on each of the counts "to run concurrently." *Id.* at 287. One year later, after the completion of direct review, the district court learned of the error from the U.S. Attorney's Office. *Id.* In response, the district court amended the judgment pursuant to Rule 36 to specify that the defendant's seventy-eight-month sentence reflected sixty months on the first six counts, to run concurrently, and eighteen months on counts 7 through 12, "to run consecutive to the sentences imposed on counts 1 through 6 and concurrently to each other." *Id.* (alterations and internal quotation marks omitted). The defendant appealed. After concluding that Rule 36 did not allow the district court to correct its own error, the Second Circuit nonetheless remanded for sentencing under 28 U.S.C. § 2106 to enable the district court to impose a seventy-eight-month sentence "with a legal allocation among Burd's twelve counts of conviction." *Id.* at 288. We need not address whether we would conclude that § 2106 authorizes the course of action prescribed in *Burd*. Regardless, *Burd*'s reliance on § 2106 to order a change in the wording of a judgment of conviction without altering the cumulative sentence imposed by the district court does not justify reliance on § 2106 to reduce the length of a defendant's sentence after the conclusion of direct review. *Cf. United States v. Whaley*, 148 F.3d 205, 207 (2d Cir. 1998) (refusing to extend *Burd*).

16

\* \* \* \* \*

For the foregoing reasons, we dismiss Arrington's appeal as to his Rule 60(b) motion and affirm the district court's denial of his Rule 36 motion. We also conclude that we lack authority under 28 U.S.C. § 2106 to grant Arrington the relief he seeks. Arrington, however, is not left without recourse with regard to his challenge to the consecutively imposed terms of his supervised release. Under 18 U.S.C. § 3583(e)(1), the district court may terminate a term of supervised release at any time after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant . . . and the interest of justice." The government conceded, in its briefing and at argument, that the district court erred by imposing consecutive terms of supervised release. The government also stated, and we agree, that in determining "the interest of justice" after the completion of one year of supervised release, the district court may take into account the illegality of the second three-year term of Arrington's supervised release.

*So ordered.*