**UNITED STATES of America**

v.

**Brandon LAUREYS, Defendant.**

**Criminal No. 09–106 (RCL)**

United States District Court, District of Columbia.

Signed 09/11/2015

Filed 09/14/2015

Margaret J. Chriss, Assistant U.S. Attorney, U.S. Attorney's Office Special Proceedings Section, Washington, DC, for United States of America.

Cary Clennon, CJA Appointment, Cary Clennon, Esq., L. Barrett Boss, CJA Appointment, Rebecca Brodey, Pro Hac Vice, Cozen O'Connor, Washington, DC, for Defendant.

Sklover & Company, LLC as "a law firm formerly operated under the names Sklover, Donath & Felber, LLC and Sklover & Donath, LLC").

## MEMORANDUM AND ORDER

ROYCE C. LAMBERTH, United States District Judge

Before the Court is defendant's Motion for a Certificate of Appealability as to the following questions:

1. Was defendant's Sixth Amendment right to counsel violated when trial counsel failed to object to the jury instruction on the charge of attempted enticement of a minor (18 U.S.C. § 2422(b))?

2. Was defendant's Sixth Amendment right to counsel violated when trial counsel failed to provide corroborating evidence at trial, including expert linguistics testimony, regarding the meaning of the phrase "perv out"?

Upon consideration of defendant's Motion, the United States' Opposition, defendant's reply thereto, the entire record in this case, and the applicable law, the Court will **DENY** defendant's Motion for a Certificate of Appealability [162].

## I. LEGAL STANDARD

Generally, a court may issue a Certificate of Appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires showing that "jurists of reason would find it debatable whether the [applicant] states a valid claim of the denial of a constitutional right." *United States v. Arrington*, 763 F.3d 17, 23 (D.C. Cir. 2014).

## II. DISCUSSION

In order to prevail on a claim of ineffective assistance, defendant must prove that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As proof that his lawyer's failure to object to the jury instructions was this deficient, defendant offers the fact that the trial judge, Judge Robertson, expressed discomfort with the statute and pointed out that the D.C. Circuit had no precedent equivalent to *United States v. Murrell*, 368 F.3d 1283, 1287 (11th Cir. 2004), which approved the application of 18 U.S.C. § 2422(b) to attempts to persuade or induce an adult to cause a child to engage in sexual activity. Hr'g Tr. 286:10–18, May 26, 2010, ECF No. 44. Defendant argues that Judge Robertson's comments were an "invitation to challenge the statute" and that "there was no prognostication required by counsel" as to the fact that the jury instruction exceeded the scope of § 2422(b). But here is what Judge Robertson said next:

> But in the case of the persuasion-inducement count, I have to agree with the government counsel that at least "you got to invite me over, let me help with the little girl," and "take the little girl, man, make her into a good little whore," and "let her meet me and everything first," and "could you start with just letting me watch her and you until she feels more comfortable," and especially, "you fucking need to let me hang out with her, man," are indeed the language of persuasion.

*Id.* at 286:19–287:1. This was no invitation to defendant's trial counsel to challenge the application of the statute—it was a discussion, in the wake of trial counsel's challenge to the statute, of why that challenge had failed. Judge Robertson was confident enough in the sufficiency of the evidence to convict under § 2422(b) that he denied defendant's Rule 29 motion for a judgment of acquittal. Judge Robertson was likewise sufficiently confident in the correctness of in the requested jury instruction to present it to the jury, and, despite defendant's implication to the con-

trary, was not powerless to modify the jury instructions absent trial counsel's intervention.

It may be that that defendant's trial counsel erred in failing to preserve the issue, but the "right to counsel" is not a right to impeccable counsel, and a court's assessment of attorney performance "must be highly deferential," must make "every effort ... to eliminate the distorting effects of hindsight," and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688–89, 104 S.Ct. 2052. In applying this standard, the Court is again mindful of Judge Robertson's contemporaneous praise for defendant's trial counsel's performance, in which he even stated that "[i]t certainly couldn't be ineffective assistance of counsel. Mr. Clennon is going all out on this thing." Hr'g Tr. 14:7–11, Oct. 29, 2009, ECF No. 46; *see also id.* at 3:1–4 ("I want to express my appreciation to Mr. Clennon, and indeed my admiration for the thoroughness and appropriate zealousness of his defense in this case."). It is even possible to imagine a reason for defendant's trial counsel's decision: He may have feared that Judge Robertson would interpret an objection to the jury instructions as an attempt to relitigate the statutory issue decided in the Court's ruling on the Rule 29 motion, and may have concluded that such an objection would be unlikely to succeed, whether at trial or on appeal, and therefore not worth the credibility it could cost him—credibility he might need to advocate for his client on other issues. If this decision turned out to be a mistake, it is not proof that Mr. Clennon was "not functioning as counsel" for the purposes of the Sixth Amendment.

Defendant's argument that his trial counsel was ineffective for failing to explore corroborating evidence regarding the term "perv out," including but not limited to Dr. Butters' testimony on the subject, is even less persuasive. Defendant cites Judge Robertson's and Judge Brown's doubts about his case as evidence supporting this argument, even though those doubts were completely unrelated to trial counsel's decision to not further explore a defense regarding the meaning of the phrase "perv out." Defendant accuses the government of assuming without proof that Dr. Butters' expert testimony was unpersuasive and that "such unpersuasive testimony would not have 'corroborated' " the defendant's testimony, but proceeds to assume without proof that "Dr. Butters' testimony ..., in conjunction with other corroborating evidence regarding the term 'perv out,' would be outcome-determinative." Strictly speaking, Dr. Butters' testimony (and other similar evidence) was potentially outcome-determinate, in the sense that a jury could, hypothetically, have believed it. But this cannot be not the standard for ineffective assistance, or else defendants would have an ineffective assistance claim any time counsel fails to call their mother to assert their innocence. Defendant offers no reason to think that anyone would have deemed Dr. Butters' testimony remotely credible, given that, as the government notes, (1) he had only ever testified for the defense in child enticement cases, (2) he had never heard the term "perv out" before being retained by defendant's counsel, (3) his research consisted of internet searches and a review of exhibits which included defendant's handwritten notes that he had been "wrongly convicted," (4) he did not research whether and how pedophiles use the phrase "perv out," and (5) Dr. Berlin had already testified that, in his expert opinion, defendant is a pedophile.

This Court therefore concludes that reasonable jurists would not be able to debate whether defendant was denied effective as-

**52**

sistance of counsel for either of the reasons for which defendant seeks a Certificate of Appealability. For the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion for a Certificate of Appealability [162] is **DENIED.**

It is **SO ORDERED** this 11th day of September, 2015.