NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-2390 & 17-2391
_____

UNITED STATES OF AMERICA

v.

JOSEPH P. DONAHUE,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 3-08-cr-00221-001; 3-13-cv-02464)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 1, 2018

Before: SMITH, *Chief Judge*, HARDIMAN, and RESTREPO, *Circuit Judges*.

(Filed: May 10, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Joseph Donahue appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his motion under Rule 60 of the Federal Rules of Civil Procedure for lack of jurisdiction. We will affirm.

I

Following a jury trial, Donahue was convicted on several charges stemming from a scheme to defraud his business partners and was sentenced to 121 months' imprisonment. Only one of those charges—that Donahue made false statements to federal law enforcement agents in violation of 18 U.S.C. § 1001—is at issue in this appeal.

Donahue made the false statements while interviewed in his office by two FBI agents. During that interview, Special Agent Michael Baumgardner told Donahue that the Assistant United States Attorney assigned to the case, Gordon Zubrod, "said to say hello." App. 147. In light of Donahue's history with Zubrod—who prosecuted him in 1988 in an unrelated case—Donahue argued that this was an attempt by Baumgardner to "harass and goad [Donahue] into an angry reaction." App. 141. During a suppression hearing, Baumgardner testified that he told Donahue that Zubrod would be prosecuting the case, but did not recall making the "hello" statement. At trial, Baumgardner was not asked specifically about the "hello" statement, but Zubrod's concern of potential perjury led him to remove Baumgardner from the case—a decision that apparently caused Baumgardner to have a mental breakdown. The other agent present at the interview, Special Agent James Glenn, took the stand and corroborated Baumgardner's written

2

report of the interview in all respects except its omission of the "hello" statement, which Glenn confirmed that Baumgardner made.

Donahue argued on direct appeal that the government's failure to notify him of its concerns regarding Baumgardner's testimony and of Baumgardner's reaction to being removed from the case constituted wrongful withholding of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). We affirmed, concluding that disclosure of the AUSA's concerns would not have affected the result of the case, that the government was under no obligation to disclose Baumgardner's reaction to being removed, and that there was "no evidence" to support Donahue's argument that other portions of Baumgardner's testimony might have been false. *United States v. Donahue*, 460 F. App'x 141, 144 & nn.4–5 (3d Cir. 2012). Meanwhile, Donahue faced additional criminal charges, on which he would ultimately be convicted, stemming from his failure to report to prison.

Donahue filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In addition to repeating his *Brady* claim, Donahue argued that the government had engaged in prosecutorial misconduct during and after trial, including in connection with Baumgardner's testimony. Donahue also moved for the District Court's recusal. The District Court denied both motions, and this Court declined to issue a certificate of appealability.

Two years later, Donahue returned to the District Court and filed a motion under Rule 60 of the Federal Rules of Civil Procedure to vacate the denial of his § 2255 motion. Donahue claimed that new evidence disclosed by the government during his separate

3

2015 trial for absconding—consisting primarily of internal U.S. Attorney's Office communications and other government documents—supported his previously rejected misconduct and *Brady* claims. In light of this new evidence, according to Donahue, the government's response to his § 2255 motion constituted fraud within the meaning of Rule 60(b)(3) and (d)(3). Donahue again moved for the District Court's recusal, this time alleging that the Court had received ex parte communications that could make it a witness on issues relevant to the Rule 60 motion.

The District Court denied the recusal motion and dismissed the Rule 60 motion, determining that, regardless of how Donahue labeled his motion, it was in fact an unauthorized second or successive § 2255 motion over which the Court lacked jurisdiction.[1] *See* 28 U.S.C. §§ 2244(b), 2255(h). Donahue timely appealed, and this Court issued a certificate of appealability to consider only whether Donahue's Rule 60 motion constituted a second or successive § 2255 motion.

---

[1] Before an applicant may file a second or successive § 2255 motion in the district court, the motion "must be certified . . . by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h)(1)–(2); *see also id.* § 2244(b)(3).

## II[2]

As the District Court recognized, it had jurisdiction to consider Donahue's Rule 60 motion only if it was a true Rule 60 motion, and not an attempt to circumvent the requirements for filing a new § 2255 motion. *See Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002). This question is governed by *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In that case, the Supreme Court held that jurisdiction is proper over a Rule 60 motion that attacks "some defect in the integrity" of a prior habeas proceeding. *Id.* at 532; *see also Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) (holding that a Rule 60 motion may be adjudicated if its "factual predicate . . . attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction"). By contrast, a "motion presenting new evidence in support of a claim already litigated" is "in substance a successive habeas petition and should be treated accordingly."[3] *Gonzalez*, 545 U.S. at 531.

The District Court concluded that the latter description applied to Donahue's Rule 60 motion, so the Court lacked jurisdiction to consider it. The Court acknowledged

---

[2] The District Court had the power to determine whether it had jurisdiction. *See Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017). Our jurisdiction lies under 28 U.S.C. §§ 1291 and 2253(a) and (c)(1). Our review of the District Court's dismissal of Donahue's petition for lack of jurisdiction is plenary. *Gardner*, 845 F.3d at 102.

[3] The Supreme Court limited its holding to habeas proceedings under 28 U.S.C. § 2254, citing minor differences between the language of that provision and § 2255. *Gonzalez*, 545 U.S. at 529 n.3. Those differences, however, are not relevant to this case, and courts have applied the reasoning of *Gonzalez* to § 2255 cases. *See, e.g.*, *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) ("[T]he concern with circumvention is the same in both circumstances." (collecting cases)).

that Donahue had framed his arguments in terms of fraud—as required by Rule 60(b)(3) and (d)(3)—but concluded that this was "merely a tactic to bring the issues under Rule 60 and circumvent the rules regarding second or successive [§] 2255 motions." App. 13–14. We agree.

It is clear from Donahue's motion that it challenges his conviction and sentence, not the integrity of his § 2255 proceeding. Only after arguing at length that new evidence disclosed during his 2015 absconding trial supported his *Brady* and prosecutorial misconduct claims, did Donahue claim that "[n]otwithstanding all of the foregoing, the issue in this . . . motion is whether the § 2255 proceeding was compromised by a fraud on the court." App. 137. This contention is belied by his motion, which raises *Brady* and due process claims for relief.[4] *See Gonzalez*, 545 U.S. at 531. Accordingly, the District Court did not err in concluding that Donahue's Rule 60 arguments were advanced pretextually in support of a successive § 2255 motion.

III

For the reasons stated, we will affirm the District Court's order dismissing Donahue's Rule 60 motion.

---

[4] Assuming *arguendo* that this was a true Rule 60 motion, Donahue's fraud claim lacks merit. It consists of the bald assertion that, by omitting the information he now cites to challenge his conviction, the government committed fraud on the court in its response to his § 2255 motion. To be sure, the government's response to the allegations of misconduct in Donahue's § 2255 motion did not disclose all of the information he now seeks to use. But many of these omissions had already been found to be immaterial on direct appeal. To the extent they had not, they concerned Donahue's challenge to his conviction and did not support a claim that the government had committed fraud in its § 2255 response.